## ROUNTREE *vs.* LATHROP & COMPANY.

A motion in arrest of judgment should be predicated on some defect which appears on the face of the record. Where a claim case was pending in the name of J. W. L. & Co. as plaintiffs in *fi. fa.*, that J. W. L. died before the trial and the names of the other partners did not appear of record, furnished no ground for a motion in arrest of judgment, the death itself not appearing of record.

(*a.*) If the original bill in equity be invoked to show the death of J. W. L., the record of that case also shows an order allowing the case to proceed for the benefit of the survivors, naming them.

(*b.*) *Semble* that after regular trial in a claim case and verdict finding

the property subject, it is too late for the claimant to take advantage of the fact of the death of one of the plaintiffs in *fi. fa.* occurring before the trial.

. October 24, 1882.

Judgments. Motions. Claims. Parties. Before Judge SIMMONS. Houston Superior Court. October Adjourned Term, 1881.

Reported in the decision.

DAVIS & RILEY; DUNCAN & MILLER; HALL & SON, for plaintiff · in error.

WARREN & GRICE, for defendants.

CRAWFORD, Justice.

At the April term, 1880, of the superior court of Houston county, J. W. Lathrop & Co. recovered a judgment against C. N. Rountree; a *fi. fa.* issued thereon, and was levied upon certain lots of land as the property of the defendant. A claim was interposed, the trial had, and it was found subject to the execution. After verdict found, a motion in arrest of judgment was made upon several grounds, one of which only is urged before this court, and that is, because J. W. Lathrop, of J. W. Lathrop & Co., died before the term of the court at which the trial of the claim was had, and the names of his partners did not appear of record, nor did any order, suggesting who they were, and allowing the cause to proceed in their names as survivors.

Upon the hearing of the motion, the same was overruled; and that is the error complained of in this court.

A motion in arrest of judgment must be predicated on some defect which appears on the face of the record or pleadings. That the names of the partners of J. W. Lathrop did not appear in the record of the claim case is true; but it is equally true that they did not disclose the

fact that J. W. Lathrop was dead, and as the judgment could only be arrested upon some defect so appearing, unless the necessity was shown for the names of the partners to be in the record, then it could not be arrested, because they did not so appear.

But it may be said that the record in the original bill in equity shows that J. W. Lathrop was dead, and that would authorize an arrest of the judgment in the claim case.   The reply to this is, that if the record in the original suit is invoked, it must be accepted in its totality and according to its legal effect ; and in that case it appears that an order was taken *nunc pro tunc*, reciting the fact of the death of J. W. Lathrop, and that all subsequent proceedings had therein be for the benefit of the survivors, J. W. Lathrop, Jr., and J. L. Warren, and this order was allowed and entered as of April term, 1880, before the trial of said original suit.

Being, then, in that case, before the trial and the decree, the *fi. fa.*, levy and condemnation of the property levied, upon were proceedings entirely for the benefit of the survivors so named,

But suppose, however, that the death of J. W. Lathrop did occur before the decree, as admitted by the counsel for the plaintiff in execution, after the verdict finding the property subject had been returned, it would then seem to be too late, as held by the judge below, for the claimant, after the claim had been tried, to avail herself of that fact, and set aside the verdict.   At all events he appears to be well fortified in that view of the law by the cases of *Pollard vs. King*, 63 *Ga.*, 224 ; and *Henderson vs. Hill*, 64 *Ib.*, 292.

So that, in our opinion, the judge below committed no error in refusing to arrest the judgment, and his decision must stand affirmed.

Judgment affirmed.