### Hamilton *v.* The State.

*Simmons, C. J.*—1. That an indictment contained the names of only eighteen grand jurors, among which the same name occurred twice, does not, without more, raise the presumption that this name in both places referred to one and the same person.

2. After a conviction on such an indictment, judgment will not be arrested on the ground that only seventeen grand jurors acted in finding the indictment, nor can such motion be aided by evidence offered to prove that the name which occurred twice in the indictment related to one person only. Motions in arrest of judgment must be predicated upon defects appearing on the face of the record. If in point of fact there were not two persons on the grand jury having the same name, and consequently only seventeen jurors acted in finding the indictment, the proper remedy was to file a special plea in abatement and support the same by proper evidence.

3. When in a prosecution for seduction the State abandoned the charge of felony and asked that the accused be convicted only of the offense of fornication, it was not error for the court to instruct the jury in substance that there could be no conviction for seduction, that the question of seduction was out of the case, and that the only issue was whether or not the accused was guilty of fornication; this instruction being followed by appropriate instructions with reference to the determination of that issue.                    *Judgment affirmed.*

July 15, 1895.

Indictment for seduction.   Before Judge Smith. Montgomery superior court.   April term, 1895.

*J. H. Martin,* for plaintiff in error.

*Tom Eason, solicitor-general,* contra.