MIZE *v.* AMERICUS MFG. & IMPROVEMENT CO.

There was no error in overruling a motion to set aside a judgment on the ground that one of the jury by whom the verdict upon which such judgment was rendered was disqualified, the remedy in such a case being to file in due time a proper motion for a new trial.

Submitted November 3, — Decided December 1, 1899.

Motion to set aside judgment. Before Judge Littlejohn. Sumter superior court. February 23, 1899.

*Blalock & Cobb,* for plaintiff in error.
*E. A. Hawkins,* contra.

LEWIS, J. Plaintiff in error filed his motion, in the superior court of Sumter county, to set aside a judgment which had been rendered against him in that court, the ground of the motion being, the jury that rendered the verdict in said case was an illegal one, because one of the jurors was related to a stockholder in the plaintiff company within the fourth degree. It appears from the record that the judgment sought to be set aside was rendered upon a verdict in favor of the Americus Manufacturing and Improvement Company against R. J. Mize, at the May term, 1897, of Sumter superior court. A motion was made by the defendant below for a new trial, and one of the grounds in the motion was the relationship of the juror, which is relied on in this case to set aside the judgment. That motion was dismissed by the trial judge, whose judgment was affirmed by this court. 106 *Ga.* 140. On the hearing of this motion to set aside the judgment, the court overruled the same, and error is assigned thereon. Section 5362 of the Civil Code declares: "When a judgment has been rendered, either party

may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." The grounds of this motion were not based upon any defect which appears upon the record, but upon the alleged fact touching the disqualification of a juror, upon which the record throws no light whatever. The motion was really an objection to the verdict itself rather than to the judgment, and the remedy for attacking such a defect in the verdict is by motion for a new trial. This remedy was actually adopted by the plaintiff in error, and his effort thus to set aside the verdict failed by a dismissal of his motion. In *Pulliam* v. *Dillard*, 71 *Ga.* 598, it was decided that a motion to set aside a judgment, like a motion to arrest it, must be based on some defect apparent on the face of the record. The two differ only in respect to the term at which each must be severally made. In *Hamilton* v. *State*, 97 *Ga.* 216, it appeared that a motion was made in arrest of judgment, based on the ground that only seventeen grand jurors acted in finding the indictment. It was held that the motion was properly dismissed, because it was not predicated upon defects appearing on the face of the record. See also *Rountree* v. *Lathrop*, 69 *Ga.* 539; *Clark's Cove Co.* v. *Steed*, 92 *Ga.* 440. The fact that a juror who tried a case was disqualified on the ground of relationship does not render a verdict void, but only voidable, and the verdict can be set aside only in the method prescribed by law. In the *Hamilton* case above cited there was, we think, more reason to hold that the indictment was a nullity, not being found by the requisite number of grand jurors, than there is to declare that this verdict was a nullity because one of the jurors finding the same was disqualified. We conclude, therefore, the court did not err in overruling this motion, and the judgment is accordingly affirmed.          *Judgment affirmed. All the Justices concurring.*