## Wytheville.

## WHITE V. WHITE.

### June 14, 1917.

#### Absent, Burks, J.

1.  DIVORCE—*Adultery—Demurrer.*—In the instant case, in a suit for divorce on the ground of adultery, the allegations of the bill in regard to the charge of adultery were held to sufficiently comply with the rule that the time, place and circumstances should be averred with reasonable certainty.

2.  DIVORCE—*Competency of Witnesses—Deposition of Complainant.*— In a suit for divorce on the grounds of cruelty and adultery, the reading of the deposition of the complainant was assigned as error. It was conceded that the witness would have been competent if the suit had been based solely on the charge of cruelty, but it was contended that as he was not competent to testify upon the charge of adultery, he was incompetent for all purposes. The deposition, with the exception of a statement by witness that he had not condoned his wife's infidelity, dealt entirely with the charge of cruelty, and the decree complained of was based solely on the charge of adultery.

    *Held:* That as the statement, which tended to negative condonation, might be disregarded without affecting the correctness of the decree, the question of the competency of the witness was immaterial.

3.  DIVORCE—*Condonation—Pleading—Burden of Proof.*—Condonation is a matter of specific affirmative defense which must be specially pleaded, and the burden of proof is upon the defendant. The court may upon its own motion deny a divorce, even in the absence of any pleading setting up the defense, if it appears from the record that the injured party has condoned the acts complained of; but this eminently proper rule cannot be successfully invoked in the instant case, where the defense was neither pleaded nor proved, the evidence not disclosing the fact of condonation so as to warrant the court to act upon its own motion.

4.  DIVORCE—*Condonation—Innocence.*—Innocence and condonation are thoroughly inconsistent defenses, and while it has been held that they may both be interposed in the same suit, the purpose of making both must not be left to doubtful inference.

Opinion.

5. APPEAL AND ERROR—*Exceptions and Objections—New Trial—Evidence Insufficient to Support Verdict—Testimony of Children.*—
In an action for divorce for adultery, the establishment of the charge of adultery depended on the testimony of two small boys, children of the parties, aged, respectively, nine and twelve years. The Supreme Court of Appeals refused to sustain an assignment of error that the court below erred in holding that the evidence was sufficient to sustain the charge of adultery. While expressing regret that children of any age, and especially those of such tender years, should be involved as witnesses in cases of this character, the court was constrained, as was the court below, upon a careful consideration of the record, to the conclusion that the testimony of these two boys was substantially true.

6. APPEAL AND ERROR—*Exceptions and Objections.*—Where, in an action for divorce for adultery, a note introduced in evidence alleged to have been written by the defendant, was the subject of considerable investigation and testimony in the lower court without any objection, it is too late to raise the point of admissibility upon appeal.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Isaac Diggs,* for the appellant.

*Stuart G. Christian,* for the appellee.

KELLY, J., delivered the opinion of the court.

This is an appeal from a decree granting to Forest White an absolute divorce from his wife, Mildred Ann White.

The bill presented the complainant's case in a double aspect, first upon an allegation of cruelty, praying for a divorce *a mensa et thoro,* and, second, upon an allegation of adultery, praying for a divorce *a vinculo matrimonii.*

There was a demurrer to the bill, which the court over-ruled. So far as this demurrer pertained to the charge of cruelty, it requires no consideration, as that branch of the case is not before us. The allegations charging adultery were sufficient, and the demurrer in this respect was prop-erly overruled. The charge of adultery is as follows:

"Your complainant is further advised, and so charges, that on or about June 1st, and for some time previous there-to,.his wife, Mily Ann Smith White, has been guilty of infi-delity to him, and has committed adultery with a certain man to your complainant unknown, who frequently calls at your complainant's home while complainant is away follow-ing his vocation, and has relations with your complainant's wife which are inconsistent with any other presumption except that complainant's wife and the said unknown man have been guilty of acts of adultery.

"Complainant has been advised that his wife and a cer-tain man who, as before stated, is unknown to complainant, retire to their bed room and remain together for long pe-riods of time, and that complainant's wife commits other acts, all of which tend to strengthen and confirm the belief that she has been guilty of infidelity to complainant."

This was a sufficient compliance with the rule that the time, place and circumstances should be averred with rea-sonable certainty.. The allegations conform to the rule approved in this State and elsewhere generally. *Miller* v. *Miller*, 92 Va. 196, 199, 23 S. E. 232; Bishop on Marriage and Divorce (8th ed.) sec. 606; 14 Cyc. 665; 9 R. C. L., p. 418, secs. 219-220.

The next error assigned is that the court erred in reading the deposition of the complainant, Forest White, whose tes-timony in his own behalf was taken and filed in the cause over the objection of the defendant.

It is conceded that this witness would have been compe-tent if the suit had been based solely on the charge of cruelty,

but the contention here made is that he was not competent
to testify upon the charge of adultery, and that, being in-
competent for one purpose, he was incompetent for all pur-
poses.  The question is immaterial.  The deposition in ques-
tion, with one exception to be presently mentioned, dealt
entirely with the charge of cruelty, and the decree com-
plained of was based solely on the charge of adultery.  The
only particular in which the testimony of this witness re-
lated to the latter charge was his statement that he had not
had anything to do with his wife since he learned of her
infidelity.  This statement, which tended to negative condo-
nation, may be disregarded without affecting the correctness
of the decree.  Condonation is a matter of specific affirma-
tive defense which must be specially pleaded, and the burden
of proof is upon the defendant.  9 R. C. L. p. 346; 7 Enc.
Pl. & Pr. 91; 14 Cyc. 682; Ann. Cas. 1912-C, note pp. 22, 26.
The court may upon its own motion deny a divorce, even in
the absence of any pleading setting up the defense, if it ap-
pears from the record that the injured party has condoned
the acts complained of; but this eminently proper rule can-
not be successfully invoked in the present case, where the
defense is neither pleaded nor proved.  It is true that the
defendant in her answer says, "her said husband has resided
at his home, 914 St. John street, and she and her said hus-
band have lived and cohabited together as man and wife
until Monday, June 26, three days after he had instituted
his suit against her;" but, taking her answer as a whole, and
in the face of her indignant and emphatic denial of the
charge, she cannot, after her adultery has been proved, con-
vert her plea of innocence into a plea of condonation.  Inno-
cence and condonation are thoroughly inconsistent defenses,
and while it has been held that they may both be interposed
in the same suit, the purpose of making both must not be
left to doubtful inference.  Nor can we hold that the evidence
discloses the fact of condonation so as to enable us, upon our

own motion, to deny the relief sought by the complainant. The testimony chiefly relied upon for this purpose is the statement of the defendant (who testified in her behalf without objection) and of her fourteen year old daughter, that shortly before this suit was instituted (not afterwards, as contended) the complainant was at the home at which he and the defendant had resided, and a statement made by their twelve year old son, who appears to have given the complainant the first definite information as to the infidelity of his wife. This latter statement was to the effect that the complainant remained at home "a right smart while" afterwards, giving as a reason that "he was trying to catch the man." Upon this very meagre evidence the defendant asks us to hold that a condonation affirmatively appears, the argument being that cohabitation after knowledge of the offense constitutes condonation. The general rule undoubtedly is that where a husband, after he learns of adultery on the part of his wife, continues to reside with her, occupying the same room and bed, he will be presumed to be continuing his marital cohabitation; and such cohabitation, as against a husband, conclusively establishes the defense of condonation. But the evidence in this case fails to satisfy us that the plaintiff ever resumed marital cohabitation with his wife after he knew of her guilt. Disregarding his testimony altogether, it is apparent that the relations of these parties during the period now in question, whether he was, in fact, staying at the house with her or not, were of a hostile and disagreeable character, and the distinct impression to be derived from the record is that there was no such conduct on his part as amounted to a condonation. The defendant having neither pleaded nor proved the defense here under consideration, and there being nothing in the record upon which we can sustain it, this assignment of error must be overruled.

The third and last assignment is that the court erred in holding that the evidence was sufficient to sustain the charge of adultery. The establishment of this charge depends upon the testimony of two small boys, children of the parties, aged, respectively, nine and twelve years. It is always regrettable and unfortunate that children of any age, and especially those of such tender years, should be involved as witnesses in cases of this character. For many and obvious reasons, they ought not to be introduced unless necessary to prevent a denial of justice, and in all such cases their testimony must be cautiously regarded because liable to be exaggerated or inaccurate. With due regard to these considerations, however, we are constrained, as was the court below, upon a careful consideration of the record, to the conclusion that the testimony of these two boys was substantially true.

Some criticism of the opinion of the lower court is made in the brief of counsel for appellant, on the ground that a certain note introduced in evidence, and the writing of which the defendant denied, was given considerable weight by the trial court, when, as a matter of fact, nothing appears in the record to show that the note in question had any bearing upon this case, even conceding that the defendant wrote it. The point is made too late. The card was the subject of considerable investigation and testimony in the lower court without any objection. It was evidently treated by the court and by counsel on both sides as being a proper subject of inquiry, and an examination of the original along with the copy which the defendant made at the trial, satisfies us, as it did the lower court, that the defendant wrote the original and falsely denied its authorship.

The evidence given by the two boys goes into details of a shocking and repulsive character, which neither require nor permit any further discussion.

We find no error in the decree complained of and it must be affirmed.                                        *Affirmed.*