## GIDDENS v. THE STATE.

1. While it is necessary that as many as eighteen grand jurors act in returning an indictment, the fact that only seventeen names are entered in the face of the indictment is not such a fatal defect in the indictment as to render it void; nor is it a good ground for a motion in arrest. If as a matter of fact only seventeen did act in returning the indictment, a plea in abatement should have been filed. The mere omission of one of the eighteen names should be taken advantage of by special demurrer attacking the indictment for defect in form.

2. Where a constable, without a warrant, attempted to make an arrest of a named person, and the latter resisted, and shot and killed the officer, it is competent to show, upon the trial of the slayer, that the officer had inquired of the sheriff of the county by telephone whether he had a warrant for the arrest of the person whom he afterwards sought to apprehend, and the sheriff replied that he had, and told the constable making the inquiry to arrest the person referred to and to carry him to a designated place and that he would come after him.

(a) The conversation having been admitted, it was competent to show the existence of the warrant by introducing that document in evidence.

3. The court did not err in instructing the jury that they might consider the question as to whether motive had been shown, and what that motive was, if any motive was shown by the evidence; and if no motive was shown, that the jury might consider the lack of motive; but that if the evidence satisfied them beyond a reasonable doubt that the defendant committed the crime charged with malice aforethought, either express or implied, then, though no motive was disclosed by the evidence, the jury would be authorized to infer an unlawful motive, and to find the defendant guilty.

4. Under the evidence in this case the court should not have charged the jury the provisions of section 917 of the Penal Code (1910), upon the subject of arrests without a warrant, as applicable to the evidence, there being no evidence in the case to show that the offense for which the officer sought to make the arrest had been committed in his presence, or that the offender was endeavoring to escape, or for other cause there was likely to be a failure of justice.

No. 2571. OCTOBER 14, 1921.

Indictment for murder. Before Judge Eve. Worth superior court. March 26, 1921.

*J. H. Tipton,* for plaintiff in error.

*R. A. Denny,* attorney-general, *R. S. Foy,* solicitor-general, *Graham Wright,* asst. atty.-gen., and *Williamson & Williamson,* contra.

BECK, P. J. Macie Giddens was tried under an indictment charging him with the offense of murder, it being alleged that he had killed one W. P. Giddens. The jury returned a verdict of

guilty; whereupon the defendant made a motion for a new trial, which being overruled, he excepted.

1. Before judgment and sentence of the court was pronounced and entered against the accused, his counsel presented to the court in writing his motion in arrest of judgment and sentence, which was filed, and a rule nisi was issued, directed to the solicitor-general with the usual order. The motion in arrest was based upon the ground that only seventeen jurors constituted the grand jury which returned the indictment in this case, only seventeen names appearing in the face of the indictment. The court upon the hearing of this motion permitted evidence to be introduced to show that there were eighteen jurors who acted as such in returning the indictment, and that the omission of the name of one of them was a clerical mistake; and the motion was overruled.

The court did not err in overruling the motion. We do not think that the defect in the indictment here pointed out could be raised by a motion in arrest. The defendant might have demurred to the indictment upon the defect appearing on the face of it, or possibly he might have filed a plea in abatement. If as many as eighteen grand jurors actually participated in the deliberations of the charge against the accused and took part in returning the indictment, the indictment was good after verdict and was not rendered void by the clerical omission of one of the names. It was such a defect in form, however, that upon demurrer the court would have quashed the indictment, so that one perfect in form might be returned. The decision in the case of *Williams* v. *State,* 107 *Ga.* 721 (33 S. E. 648), is conclusive upon the question here decided. See also the case of *Hamilton* v. *State,* 97 *Ga.* 216 (23 S. E. 824).

2. The conversation referred to in the second headnote tended to explain why the constable was at the place where the homicide was committed, to show his motive in going there, and to explain the conduct of the deceased officer. Similar evidence was held to be admissible in the case of *Price* v. *State,* 72 *Ga.* 441, upon the ground that the statements there admitted were a part of the act of going, of the res gestæ. And in the instant case the jury were distinctly instructed as to the limited purpose for which the evidence was admitted, that is, that it was admitted to explain why the deceased was present at the home of the defendant on the night of the encounter.

The conversation having been admitted, it was competent to show the existence of the warrants, by introducing those documents in evidence.

3. The court charged the jury as follows: "You may inquire whether there was any motive on the part of the defendant to induce him to take the life of the deceased, and, if there was any motive, what that motive was. If you find there was no motive on his part to commit the act, you may consider it, especially if the evidence leaves the defendant's guilt at all doubtful, in determining whether the defendant is guilty or not. Yet, if the evidence shows the commission of the crime, and you are satisfied beyond a reasonable doubt that the defendant committed it with malice aforethought, either express or implied, and if the circumstances are consistent with his guilt and inconsistent with any other reasonable hypothesis than that of his guilt, then, though the evidence may not disclose a motive, you would be authorized to infer an unlawful motive and find the defendant guilty." This charge is not open to criticism upon the ground that it is confusing and liable to be misunderstood by the jury and probably was misunderstood, to the injury of the defendant; nor that it was calculated to mislead the jury; nor that the entire charge upon the subject of motive greatly modified the rule on that subject; nor on the ground that it was not authorized by the evidence.

4. Error is assigned upon the following charge of the court: "It is not claimed by the State in this case that the deceased was, at the time he was shot, in possession of a warrant for the arrest of Macie Giddens. It does contend, however, that under the conditions and circumstances existing at the time, that the jury would be authorized to find that the defendant, Macie Giddens, was a fugitive from justice, and was endeavoring to escape, or for other cause there was likely to be a miscarriage of justice, and that W. P. Giddens, the deceased, was an officer of the State, and therefore authorized to make an arrest without a warrant. Section 917 of the Code of Georgia relating to the subject of arrest I will now read to you. 'An arrest may be made for a crime by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a

failure of justice for want of an officer to issue a warrant.' " This charge is excepted to upon the ground that it was not authorized by the evidence. We are of the opinion that the exception to the charge points out a radical and material error. We find no evidence in the case from which the jury would have been authorized to find that the defendant was endeavoring to escape, and the expression used by the court, " fugitive from justice," must be taken in this connection to mean one who is endeavoring to escape. And it is not contended that the offense was committed in the presence of the officer, nor was it likely for any other cause that there would be a miscarriage of justice. Two indictments for misdemeanor had been found by the grand jury of the county against the defendant, some two months before the homicide, and bench warrants had been issued and were at the time of the killing in the hands of the sheriff of the county. There is some evidence that the defendant had left the county, but it does not appear that he had fled to escape arrest under the bench warrants. It seems that he had gone for a while to Americus, Georgia, which is only a short distance from the county of Worth; and several days before the attempted arrest he had returned to Worth county and was staying at his mother's, to whose house certain of his property and effects had been carried. There is no ground upon which it could be contended that the sheriff, who was at the county-site and who, it seems, possessed an automobile or had one at his command, could not have gone from the county-site to the place at which the accused was staying, or that he could not have sent the warrant to the officer who endeavored to make the arrest, in the course of two or three hours. An arrest can not lawfully be made without a warrant, where the offense is not committed in the presence of the officer, unless the offender is endeavoring to escape, " or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." There could be no failure of justice in this case for want of an officer to issue a warrant. The warrant had already been issued. Nor was it likely that there would be a failure of justice because of any delay in obtaining this warrant. The mere possibility of there being a failure of justice does not authorize an officer to attempt an arrest for a misdemeanor without a warrant. The expression of the law is, " likely to be a failure of justice," —

that is probable ground for believing that there will be a failure of justice. Under these facts and circumstances, the court was not authorized under the law to submit to the jury the question as to whether or not the deceased could legally proceed without a warrant to go to the house of the accused, break open the door, and attempt to make an arrest. Counsel for the State argue, that, conceding for the sake of argument the excerpt from the court's charge was not properly adjusted to the facts of this case, it does not appear that the charge was harmful to the defendant. We can not agree to this contention. It was this charge and other portions of the charge similar in effect which gave to the jury the authority to decide that the arrest would have been legal without a warrant. If we are right in holding that the charge was erroneous, we have no doubt that it was material error and harmful to the accused. What we have said in regard to this particular part of the charge is applicable to other portions of the charge complained of, which could only be proper upon the assumption that there was some evidence to authorize the finding that the circumstances justified an arrest without a warrant.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent on account of sickness.*