LOVELACE *v.* LOVELACE.

*Morris Macks,* for plaintiff in error.

*Tidwell & Brown* and *Julian F. Joselove,* contra.

GILBERT, J. Eldora Lovelace filed suit for divorce on July 10, 1933, against Ulysses Lovelace, alleging that they were married on August 1, 1928; that she had been a resident of Fulton County, Georgia, for more than twelve months prior to the filing of her suit; that at the time of their marriage and ever since until the filing of her petition the defendant was and had been impotent; that his physical condition had resulted in ruining her health, and she was in a very nervous condition and unable to live with him any longer; that he had been cruel to her, on various occasions cursing her, using vile and abusive language, and continually nagging her about her parents, stating that they, rather than himself, should provide for her; and that she had been a true and dutiful wife and the defendant had no cause to complain of her. She prayed for a total divorce, permanent and temporary alimony, and attorney's fees. On July 26, 1933, she filed an amendment, striking from her petition the allegations as to impotency and the ruining of her health by the physical condition of defendant, but alleging, that because of the cruel treatment aforesaid she was forced to separate herself from defendant and had since lived separate and apart from him, that she suffered impairment of health as the result of his cruel treatment; that on or about the date of their separation he threw electric-light bulbs at her, and beat and struck her in a fit of anger. She struck portions of her prayer in which she had asked for permanent and temporary alimony and attorney's fees, alleging that such items had been settled by a previous order of court. The defendant filed an answer and cross-bill, denying the allegations of the plaintiff, and asking that he be granted a divorce. On December 1, 1933, the answer and cross-bill were dismissed by his attorneys of record, "leaving the same undefended." On December 7, 1933, a first verdict of divorce was granted in favor of plaintiff, as an "undefended divorce suit."

On February 1, 1934, the defendant filed a new answer and cross-petition, the allegations of which were substantially the same as those contained in his original answer and cross-bill, with some additional allegations. On the same day the defendant filed gen-

eral and special demurrers on grounds, among others, (1) that the petition as amended did not set forth a cause of action; (2) that the petition did not charge that "plaintiff and defendant were living separate and apart in a bona fide state of separation," or that the separation obtained at any fixed time, or that the plaintiff for any stated cause actually separated herself from the defendant; and (4) that the petition failed to "charge that plaintiff and defendant were living separate and apart, in a bona fide state of separation, when the complaint was instituted and/or when the separation obtained." On March 1, 1934, the defendant filed a motion to set aside the verdict obtained by the plaintiff on December 7, 1933, the grounds of which motion were substantially that the answer and cross-bill of defendant had been dismissed without his knowledge or consent on December 1, 1933, that the case was handed in by plaintiff's counsel without defendant's knowledge or consent, and that the verdict was procured by fraud of the legal rights of defendant, without his permission, knowledge, or consent. On April 16, 1934, the plaintiff amended her petition by adding that she separated from defendant on or about July 7, 1933, and that they had been living in a bona fide state of separation since that time, and that at the time of the marriage and ever since until the time of the filing of her petition the defendant was and had been impotent. On the same day the defendant filed a special demurrer on the grounds that impotency was not charged as the cause of the separation, that there was no charge that it was not condoned, that there was no charge that it was known to defendant and unknown to plaintiff at the time of marriage, and no charge that it was incurable. On April 25, 1934, the court denied the motion to set aside the verdict, and overruled the demurrers. The defendant filed exceptions pendente lite, and within the time required by law tendered his final bill of exceptions, in which he assigned error on the judgment overruling the motion to set aside the verdict and the judgment overruling the demurrers. By writ of error the case came to this court.

Much stress is laid on the fact that counsel for defendant, Ulysses Lovelace, in a communication to the clerk of the superior court, requested the dismissal of defendant's answer and cross-petition, "leaving the same undefended." It seems that counsel is under the impression that the dismissal of the answer and cross-petition,

"leaving the same undefended," legally placed the plaintiff's case in much the situation as a case "in default." Legally speaking, there can be no "undefended" divorce case, if by that is meant that the plaintiff is entitled as a matter of law to a verdict without proof sufficient to authorize a verdict. The Civil Code (1910), § 2959, provides: "No verdict or judgment by default shall ever be taken in a suit for divorce, but the allegations in the petition must be established by evidence before the juries." Practically the same provision is found in § 5658. In a divorce case where the question of jurisdiction was involved, *McConnell* v. *McConnell*, 135 *Ga.* 828 (70 S. E. 647), section 2959 was quoted, and the court stated: "Under this statute, it was the duty of the court not to permit a verdict for divorce to be taken, unless the evidence made a prima facie case showing that the defendant in the divorce suit was a resident of Fulton County at the time the suit was filed, and it was the duty of the judge to refuse a divorce unless this fact was proved by a preponderance of the testimony." In a divorce case the legal status of the plaintiff's case, in so far as it concerns the right of plaintiff to a verdict, is the same whether there is an answer filed by the defendant or not. The law requires the introduction of evidence sufficient to sustain the verdict. It follows from this that the defendant was not substantially hurt by the dismissal of his answer. By permission of the court substantially the same answer was later filed. So far as the record shows, it is now a part of the case, and the defendant is in a legal position to go into court at the proper time, introduce his evidence, and insist before the court and jury upon his alleged legal rights. There is no allegation in the petition to set aside the verdict that the plaintiff or her counsel was in any way responsible for, or even had knowledge that defendant's counsel had authorized, the dismissal of the answer. Moreover, the defendant was charged with the legal duty of keeping advised of the progress of the litigation in which he was both a defendant as against his wife's petition, and what is the equivalent of a plaintiff in his cross-petition. *Smith* v. *Cone*, 171 *Ga.* 697 (156 S. E. 612). "Where parties have a case in court, it is their duty to attend and look after their interests. They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them." *Seifert* v. *Holt*, 82 *Ga.* 757 (3) (9 S. E. 843). "They are bound to take notice of the

time and place of trial and of when their presence is required." *Eady* v. *Napier,* 96 *Ga.* 736 (22 S. E. 684); *Ayer* v. *James,* 120 *Ga.* 578, 581 (48 S. E. 154).

It appears, so far as the record shows, that he had engaged counsel and authorized them to proceed to defend the case and to press his cross-action, and that he paid no further attention to it. Our Code (1910), § 4955, provides that attorneys "have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing, and in signing judgments, entering appeals, and by an entry of such matters, when permissible, on the dockets of the court; but they can not take affidavits required of their clients, unless specially permitted by law." *Brannan* v. *Mobley,* 169 *Ga.* 243 (6) (150 S. E. 76). In *Stone Mountain Confederate Monumental Association* v. *Smith,* 170 *Ga.* 515 (153 S. E. 209), the question of the authority of counsel to bind their clients was involved. Quoting from 2 Ruling Case Law, 992-3, this court stated: "Although there are decisions to the effect that an attorney has no implied authority to dismiss an action, yet the general rule as evidenced by the weight of authority is that he may, by virtue of his general authority as such, dismiss or discontinue the action, or agree to a nonsuit; but he is not, as a general rule, held to have implied authority to enter a retraxit, since by the latter the plaintiff irrevocably renounces his right of action. This rule has, however, been relaxed under the statutes of some jurisdictions. The question whether an action shall be dismissed relates to the conduct of the suit and to the remedy—a question frequently arising in all courts, and is one peculiarly addressed to the skill, knowledge, and judgment of the attorney. When the alternative is presented of a probable defeat upon the merits, or a dismissal without prejudice, thus saving the cause of action, it is for the attorney to decide, as one of the incidents of the trial, and in the performance of his duty to his client, which course to pursue." As to the authority of counsel to bind the client more especially where the plaintiff was in no way responsible, it should be added that in this case the defendant was in no way finally foreclosed as to his rights. The defendant's cross-petition has been reinstated. He is in possession of the full legal opportunity to submit the issue to the court and jury as to whether he is entitled to a divorce; and in addition to that he is entitled to submit to the

jury the question as to whether he will be permitted to marry again. He also will have full opportunity to resist the plaintiff's efforts to secure a second verdict.

There is an additional reason why the judgment was not erroneous. This is not a motion to set aside a judgment. No judgment was rendered. For that reason none of the sections of the Code having reference to setting aside judgments have any application. There is no statutory provision for setting aside a verdict other than by a motion for a new trial, except as shown below. This court has decided in a number of cases that a motion for a new trial is essential for setting aside a verdict. *Sanders* v. *State,* 84 *Ga.* 217 (10 S. E. 629); *Hyfield* v. *Sims,* 87 *Ga.* 280 (13 S. E. 554); *Bell* v. *Martin,* 142 *Ga.* 55 (82 S. E. 444); and see *Fain* v. *Fain,* 166 *Ga.* 504 (143 S. E. 586). In the *Hyfield* case the court used this language: "Of course there must be a motion for a new trial when there is an actual verdict in the case." There are situations when a verdict may be annuled without a motion for a new trial, but the proceeding is not one which directly challenges the legality of the verdict, but it proceeds to annul the verdict because of some error of law which entered into and affected the verdict. In the Civil Code (1910), § 6144, it is provided: "In any case where the judgment, decree, or verdict has necessarily been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such judgment, decree, or verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for a new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the Supreme Court to clearly understand the ruling, order, decision, or charge complained of." In *Clark's Cove Guano Co.* v. *Steed,* 92 *Ga.* 440 (17 S. E. 967), it was held: "Where a judgment of the superior court is based upon the verdict of a jury, and there is no motion for a new trial or to set aside the verdict, a motion to set aside the judgment will not be granted for any cause which does not appear upon the face of the record or pleadings. The motion in the present case being based wholly on aliunde grounds, the general demurrer thereto should have been sustained." In that case no question was raised, and

none decided, except what is quoted above. Under authority of that decision, even if a judgment based on a verdict can be set aside on a mere motion which is not a motion for a new trial, certainly it is authority for holding that the defect must appear on the face of the record or pleadings. In *Mize* v. *Americus Mfg. & Improvement Co.*, 109 *Ga.* 359 (34 S. E. 583), it was held: "There was no error in overruling a motion to set aside a judgment on the ground that one of the jury by whom the verdict upon which such judgment was rendered was disqualified, the remedy in such a case being to file in due time a proper motion for a new trial." In the opinion it was stated: "The motion was really an objection to the verdict itself rather than to the judgment, and the remedy for attacking such a defect in the verdict is by motion for a new trial."

There is nothing in the rulings in this case in conflict with *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818). That decision dealt with a proceeding to set aside a verdict obtained by fraud practiced by the plaintiff's attorney on the defendant and the court. The defendant, during the term at which the verdict was rendered, moved to vacate and set aside the verdict and the judgment entered thereon. The plaintiff moved to dismiss the defendant's motion, on the ground that it was a motion to set aside a verdict and judgment on account of a defect not appearing on the face of the record. The court overruled the motion to dismiss, and it was to that judgment that the exception was taken. It is obvious that the question whether a verdict can be set aside without a motion for a new trial was not raised and not decided. As has been many times stated, the court looks to substance, and not merely to form. If the motion to set aside, although not technically a motion for a new trial, is in substance the equivalent thereto, the court will treat it as a motion for a new trial and subject it to all the rules governing a motion for a new trial. *Lucas* v. *Lucas*, 179 *Ga.* 821. In a very early case, *Lucas* v. *Lucas*, 30 *Ga.* 191, 206 (76 Am. D. 642), an agreed verdict was set aside where no evidence had been introduced at the time of the trial, but this court stated in that case: "This motion to set aside and reinstate was, in effect, a motion for a new trial, and gave the court the same power over the verdict." Had the court considered that motion other than it did, a different ruling might have resulted. Among other essentials a motion for a new trial must be accompanied by a brief of the evidence, and must be

filed during the term at which the verdict was rendered. In the present case both of these essentials are lacking. There is no brief of the evidence introduced on the trial at which the verdict was rendered, and the motion was not filed until after the expiration of the term of court. For these reasons the motion to set aside the verdict and judgment can not be considered even in substance as a motion for a new trial. Accordingly, such a motion is not an available remedy in the present case. Where the judgment alone is sought to be set aside for fraud, the Code provides a remedy. Where the judgment is based upon a verdict, the same requisites apply as to setting aside the judgment alone. Civil Code (1910), §§ 4584, 4585, 5111, 5965, 5966. *Moore* v. *Moore,* 139 *Ga.* 597 (77 S. E. 820); *Williamson* v. *Haddock,* 165 *Ga.* 168 (140 S. E. 373); *Bryant* v. *Bush,* 165 *Ga.* 252 (140 S. E. 366); *Sylvania Insurance Co.* v. *Johnson,* 173 *Ga.* 679 (160 S. E. 788). In *Mullins* v. *Christopher,* 36 *Ga.* 584, 586, it was said: "'The general rule is, that courts of chancery will not interfere after verdict and judgment at law, except in cases of fraud, or surprise, or in extraordinary cases where manifest injustice would be done, nor where the party might have defended himself fully at law, and neglected to do it. Great abuse would be made of a contrary doctrine, by drawing within the jurisdiction of equity, as by a side wind, almost all causes decided at law. The high powers entrusted to chancery to promote the purposes of justice should not be abused to the vexation of the citizens and the unsettling solemn decisions of other courts, where it is to be always presumed that full justice has been done.' See also *Robbins* v. *Mount,* 3 *Ga. Rep.* 78; *Scudder* v. *Puckett,* 12 *Ga. Rep.* 338; *Stroup* v. *Black,* 2 *Kelly's Rep.* 279 [46 Am. D. 389]; *Kenan* v. *Miller,* Ib. 329; *Bostwick* v. *Perkins,* 1 *Kelly's Rep.* 139; *Taylor* v. *Sutton,* 15 *Ga. Rep.* 106 [60 Am. D. 682]. But no degree of wrong or injustice in the determination of a case at law will entitle a party to resort to equity, unless there is some special ground for its interposition. *Pollock* v. *Gilbert,* 16 *Ga. Rep.* 402 [60 Am. D. 732]. If a party have a good defense at law, and from negligence fail to set it up at the proper time, he must take the consequences of his own laches; he can not go into equity to be relieved from the consequences of such negligence. See the cases already cited."

The allegations of the motion to set aside do not make a case.

where the verdict against movant was obtained by "fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." It may be replied that in this case the movant had no knowledge of the rendition of the first verdict in favor of Mrs. Lovelace until after the term had expired, and until it was too late to file a motion for a new trial; and also that the movant could not avail himself of Civil Code section 6144, because his complaint was not of any ruling of the court which necessarily controlled the verdict. That can not alter the case. It was the duty of the movant to know what was done in the case before the term of the court closed. There being no provision in law for setting aside a verdict other than by a motion for a new trial or the equivalent, the court did not err in denying the motion to set aside. It is not a case in equity based upon equitable grounds.

■ While the petition as originally drawn may have been subject to a special demurrer, in that it did not allege when the separation took place or that it was bona fide, the plaintiff perfected her pleadings by her amendments as detailed in the statement of the case. Although she did not specifically assert that impotency was the cause of her separation, she alleged impotency as a ground for the divorce she asked; and a reasonable interpretation is that such alleged impotency was one of the causes of her separation. Neither is there any merit in the ground of the demurrer that it was not charged that such alleged impotency was known to defendant and unknown to plaintiff at the time of marriage. The Civil Code (1910), § 2945, in naming impotency as a ground for divorce, merely specifies "Impotency at the time of marriage," without any qualification as to knowledge of the plaintiff thereof. Such matter is for affirmative defense and proof by defendant. Also, it was not necessary for plaintiff to allege that she had not condoned the alleged impotency. "Condonation is a specific affirmative defense which must be alleged and proved by the party insisting upon it." Blakely v. Blakely, 186 N. C. 351 (119 S. E. 485). See also White v. White, 121 Va. 244 (92 S. E. 811). Similarly, it was not necessary for plaintiff to anticipate any defense of defendant and charge that the alleged impotency was incurable. Plaintiff in error assigned error in his bill of exceptions on the allowance of the amendment of April 16, 1934, in which plaintiff reinstated her allegations of alleged impotency, on the

ground that by her amendment of July 26, 1933, she withdrew her allegations of impotency, and that this constituted a retraxit, and they could not be renewed. No citation of authority is necessary to sustain the proposition that a mere temporary striking of such allegations is not equivalent to a formal retraxit. Furthermore, even after the first verdict it was proper to allow an amendment restoring such charge. The Civil Code (1910), § 5581, provides: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." The defendant after the first term can not set up new matter by way of amendment, except as provided in § 5640. In this case the cause was still pending, because in a divorce case a second verdict must be obtained to entitle the plaintiff to a divorce. Under the pleadings as amended, a cause of action was set out, and the court did not err in overruling the demurrers on the specified grounds.

*Judgment affirmed. All the Justices concur.*