### CRAFT *v.* MILES *et al.*

No. 11297. JUNE 13, 1936.

*William B. Kent,* for plaintiff in error.

*John Rogers* and *J. B. Moore,* contra.

GILBERT, Justice. E. E. Miles and others brought injunction proceedings against Mrs. Mary C. Craft. When the case was called for trial all parties announced ready. It was then discovered that the answer of the defendant was not among the records before the court. After some discussion between the court and counsel on both sides, on motion of the defendant's counsel the case was withdrawn from the jury and set for the next morning at 9 o'clock. When that time arrived the plaintiff was present, insisting upon a trial, but the defendant and her counsel were absent. After waiting for something more than an hour, and the defendant and her counsel failing to appear or communicate with

the court, the court established "the court papers in the case" and directed that the case proceed to trial, which resulted in a verdict for the plaintiff. Later during the morning counsel for the defendant appeared and filed a motion to set aside the verdict and judgment, and, on inquiry by the court, stated that he had carried the papers in the case into the country to the home of his client, and had failed to bring them back with him, but that he could get them if given time to do so. The motion to set aside the verdict and judgment was assigned for a hearing at a specified time. When the motion came on to be heard, counsel for the defendant produced the original answer which had been missing. Evidence was then heard, at the conclusion of which the court denied the motion to set aside the verdict and judgment and to reinstate the case for trial. The defendant excepted. The sole question is whether or not the court erred in that judgment.

Under the facts of this case, the court did not err in refusing to set aside the verdict; and for the further reason that there is no provision in law for setting aside a verdict except upon a motion for a new trial or a motion equivalent to a motion for a new trial, except as provided in the Code, § 6-804. *Lovelace* v. *Lovelace*, 179 *Ga.* 822 (1-*e*) (177 S. E. 685) ; *Lucas* v. *Lucas*, 179 *Ga.* 821 (177 S. E. 684).

*Judgment affirmed. All the Justices concur.*