McINTOSH *v.* THE STATE.

No. 13475. March 15, 1941.

*L. S. Johnson* and *George L. & Carter Goode,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, A. S. Skelton, solicitor-general, Howard B. Payne, J. T. Sisk, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

Bell, Justice. ■ The defendant was convicted of murder, and he excepted to a judgment overruling his motion for a new trial. The evidence tended to show that he shot and killed the deceased at a time when the deceased, a bailiff, was about to enter the defendant's home, or was seeking entrance, for the purpose of arresting the defendant, without a warrant. There was no evidence that the defendant was endeavoring to escape, or that there was likely to be a failure of justice for want of an officer to issue a warrant, or even that he had committed any offense. In the

absence of any evidence to show that an arrest without a warrant would have been authorized, the court erred in charging to the jury that part of the Code, § 27-207, declaring the circumstances under which an arrest may be lawfully made without a warrant, where the jury were not also instructed that under the evidence the arrest would have been illegal. *O'Connor* v. *State,* 64 *Ga.* 125 (37 Am. R. 58); *Giddens* v. *State,* 152 *Ga.* 195 (4) (108 S..E. 788); *Douglass* v. *State,* 152 *Ga.* 379 (4) (110 S. E. 168); *Pryor* v. *State,* 168 *Ga.* 136 (147 S. E. 97).

■ The charge on voluntary manslaughter was subject to the criticism that it commingled therewith the law of justifiable homicide based on reasonable fears. *Cargile* v. *State,* 137 *Ga.* 775 (4) (74 S. E. 621); *Deal* v. *State,* 145 *Ga.* 33 (2) (88 S. E. 573); *White* v. *State,* 147 *Ga.* 377 (4) (94 S. E. 222); *Rawls* v. *State,* 160 *Ga.* 605 (2) (128 S. E. 747); *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356); *Worley* v. *State,* 21 *Ga. App.* 787 (4) (95 S. E. 304).

■ Ground 5 of the motion for new trial complained of the following charge: "I charge you further that every person has the right to resist an illegal arrest when attempted by officers or a private individual, and in resisting may use such force as is necessary for the purpose and no more. That is, a citizen being unlawfully arrested has the right to resist force with force proportioned to that being used in arresting and detaining him. If you find from the evidence, including the defendant's statement, in this case that the deceased was an officer, a bailiff, and without warrant or legal authority, or that he was only a private individual, who sought to arrest the defendant, Perry McIntosh, then Perry McIntosh would have had the right to resist such arrest with force proportioned to that being used by the officer, and no more. If you find that he did this, and the killing was without malice then he would not be guilty of any offense, and you should acquit him." This charge was erroneous, as contended, because of the qualification "and the killing was without malice." If the other stated conditions existed, the defendant should have been acquitted, regardless of the question of malice. *Golden* v. *State,* 25 *Ga.* 527 (2); *McDuffie* v. *State,* 121 *Ga.* 580 (5) (49 S. E. 708).

■ The court erred in charging the jury that if the deceased was attempting to arrest the defendant unlawfully, "without using

any force," and the defendant shot and killed him, the defendant would be guilty of murder, unless he was acting under the fears of a reasonable man as to certain matters stated. The charge as thus given ignored and excluded the principle that if a person kill another to avoid an illegal arrest, and not in a spirit of revenge, the homicide is generally manslaughter, and not murder. *Porter* v. *State,* 124 *Ga.* 297 (52 S. E. 283, 2 L. R. A. (N. S.) 730); *Wall* v. *State,* 153 *Ga.* 309 (11) (112 S. E. 142); *Giddens* v. *State,* 154 *Ga.* 54 (3) (113 S. E. 386). Under the evidence, the jury would have been authorized to apply the latter principle, and in view of it to find the defendant guilty of voluntary manslaughter instead of murder.

■ Ground 4 of the motion for a new trial is expressly abandoned. Ground 6 refers to an occurrence that probably will not happen on another trial, and need not be passed on.

■ For the error indicated in paragraph 4 above, the court erred in overruling the motion for new trial. Since the judgment must be reversed for this reason, it is not determined whether the errors pointed out in paragraphs 1, 2, and 3 would by themselves afford cause for a new trial.

*Judgment reversed. All the Justices concur.*