## 28631.   McINTOSH *v.* THE STATE.

DECIDED FEBRUARY 12, APRIL 4, 1941.

*L. S. Johnson, George L. & Carter Goode,* for plaintiff in error.
*A. S. Skelton, Howard Gordon,* solicitors-general, *Howard B. Payne, J. T. Sisk,* contra.

MacINTYRE, J.   1.   The defendant was jointly indicted with his son for murder, and was convicted of voluntary manslaughter. The judge erred in charging the jury as follows: "If you find from the evidence, including the defendants' statements in this case, that the deceased was an officer, a bailiff, and without warrant or legal authority, or that he was only a private individual, who sought to arrest the defendant, Perry McIntosh [defendant's son who was jointly tried with defendant and convicted of murder], then Perry McIntosh would have had the right to have resisted such arrest with force proportioned to that being used by the officer, and no more. If you find that he did this, and killed Charlie Wood [who was attempting an unlawful arrest of Perry McIntosh], *and the killing was without malice,* then he would not

be guilty of any offense, and you should acquit." (Italics ours.) Under the ruling of the Supreme Court in *McIntosh* v. *State,* 191 *Ga.* 736 (13 S. E. 2d, 770), this charge was erroneous, "because of the qualification 'and the killing was without malice.' If the other stated conditions existed, the defendant should have been acquitted, regardless of the question of malice." Therefore we adhere to this ruling of the Supreme Court, which was rendered on March 15, 1941, after our opinion was delivered; and on rehearing we withdraw our former judgment affirming the conviction, and substitute this opinion in lieu thereof.

2. The other grounds argued refer to matters which will not likely occur on another trial, and need not be considered.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*