COURT OF APPEALS OF VIRGINIA

Present:    Judges Clements, Haley and Beales
Argued at Richmond, Virginia


FAYE M. ALLEN

MEMORANDUM OPINION[*] BY
v.      Record No. 2781-06-2                   JUDGE JEAN HARRISON CLEMENTS
                                                      OCTOBER 23, 2007
LAWRENCE C. ALLEN


FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
Timothy K. Sanner, Judge

Anthony Paone, II (Innsbrook Law Group P.C., on brief), for
appellant.

(George C. Cherry; Keith H. Waldrop & Associates, on brief), for
appellee.  Appellee submitting on brief.


Faye M. Allen (wife) appeals from a final decree of divorce from Lawrence C. Allen

(husband).  She contends the trial court erred in 1) refusing to grant her a divorce on the ground of

constructive desertion and granting husband a divorce on the ground of desertion; 2) refusing to

award her spousal support; and, 3) refusing to award her attorney's fees.  Finding no error, we

affirm the judgment of the trial court.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

We view the evidence in the light most favorable to husband, who prevailed below. Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).  So viewed, the evidence showed that the parties were married for approximately forty-five years, though the exact date of their marriage was uncertain.  At the time of the commissioner's hearing on the matter of their divorce, husband was sixty-two years old and wife was sixty-three years old. During the marriage, husband provided most of the financial support for the family, working mainly in construction and raising cattle.  Husband's income at the time of the hearing was a social security disability payment of $1,080 per month based on his surgically replaced knee.  He also performed construction work when his knee allowed it.

During the marriage, wife maintained the household and was the primary care-giver to the parties' two children, now adults.  Wife also operated a general store from 1972 until about 1985 and later worked as a secretary and at a cafeteria.  She had a high school diploma, had taken correspondence courses in drafting and interior design, and had sewing experience.  At the time of the commissioner's hearing, wife was unemployed.  She was receiving *pendente lite* support from husband of $650 per month, $675 per month in rental income from property owned by the parties, and a social security payment of $432 per month.  Wife had applied for four jobs in the past seventeen months.

In 1994, wife left the marital residence upon learning that husband was alleged to have sexually abused minor family members.  Six months later, wife returned to the marital residence because, she testified, she loved husband.  There were no allegations of sexual abuse occurring after her return.  In 1997 husband was convicted of two counts of misdemeanor sexual battery of minor family members for incidents stemming from behavior prior to 1994.

After her return, wife lived in the marital residence with husband until April 1, 2002, when she left again and did not return. Wife stated that she had no intention of ever returning and that she left because living with husband caused her to experience undiagnosed panic attacks and shortness of breath, and because husband made her "sick." While the adult daughters corroborated her apparent recovery at the time she left, they had no contact with her while the parties cohabited between 1995 and 2002. No medical evidence was put before the commissioner to support wife's claim.

Husband filed for divorce on June 6, 2002, alleging desertion. Wife's cross-bill of complaint alleged constructive desertion based on conduct by the husband causing her "mental anguish and concern for her continued well-being," but made no specific mention of his having sexually abused minor family members. During opening statements before the commissioner, wife raised many issues, including the sexual abuse. Husband stated that it was his position that wife's cross-bill complaints stemmed from incidents occurring prior to her 1994 departure from the marital abode, and raised condonation as a defense to those claims.

After a two-day hearing, the commissioner found that during the marriage, husband "was of ill-temper, consumed alcohol on almost a daily basis, acted in an indifferent, inconsiderate and demeaning manner toward wife," was "hateful, manipulative," and "callous," and "had a general nasty attitude." He nevertheless determined there was no evidence to connect husband's behavior with the ailments wife described and that she had legally condoned husband's sexual abuse. He found that wife had left the marital home the final time in order to reestablish a relationship with her children, and to "extricate herself from an unpleasant and dysfunctional marriage." The commissioner filed a written report, wherein he concluded that 1) husband was entitled to a divorce on grounds of wife's desertion, 2) neither party was entitled to spousal

support under the provisions of Code § 20-107.1, and 3) neither party was entitled to recover attorney's fees.

Both parties filed exceptions to the commissioner's report. The trial court heard argument thereon, and subsequently overruled each. The trial court incorporated by reference, affirmed, and ratified the commissioner's report into the divorce decree. This appeal followed.

## II.  DESERTION

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (citations omitted).  "[A] divorce decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence."  D'Auria v. D'Auria, 1 Va. App. 455, 458, 340 S.E.2d 164, 165 (1986). Desertion is "an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party."  Petachenko v. Petachenko, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986).

Wife does not contest the factual finding that she left the marital abode and took up residence elsewhere with the intent to desert the marriage.[1]  Instead, noting husband's temperament and behavior during the marriage, his sexual abuse of minor family members, and her own

---

[1] Wife does, however, make the argument that desertion somehow fails here as a ground for divorce because no witness could testify with certainty as to the exact day and year the parties were married. However, this argument was presented neither before the commissioner nor the trial court, and Rule 5A:18 therefore bars our consideration thereof. See Collado v. Commonwealth, 33 Va. App. 356, 367, 533 S.E.2d 625, 631 (2000) ("Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.").

testimony that husband's conduct made her physically and emotionally ill, she asserts that life with husband was "untenable and intolerable." Her departure was therefore justified by husband's constructive desertion, she contends, and she should not have been found at fault in the divorce. We disagree.

The departure of a spouse may be attributable to constructive desertion "'where the conduct of the other spouse has caused conditions in the marital home to be intolerable,'" Gottlieb v. Gottlieb, 19 Va. App. 77, 82, 448 S.E.2d 666, 669 (1994) (quoting Kerr v. Kerr, 6 Va. App. 620, 623, 371 S.E.2d 30, 32 (1988)), or "where the departing spouse 'reasonably believes that his or her health is endangered by remaining in the household and he or she has unsuccessfully tried less dramatic measures to eliminate the danger,'" id. (quoting D'Auria, 1 Va. App. at 459, 340 S.E.2d at 166). However, "[t]he misconduct of an offending spouse which will justify the other in leaving must be so serious that it makes the relationship intolerable or unendurable." McLaughlin v. McLaughlin, 2 Va. App. 463, 467, 346 S.E.2d 535, 537 (1986).

Wife argues as a threshold matter that it was error to find that she condoned the sexual abuse of minor family members. "Condonation is defined to be the remission, by one of the married parties, of an offence which [s]he knows the other has committed against the marriage . . . ." Owens v. Owens, 96 Va. 191, 195, 31 S.E. 72, 74 (1898). So long as there is no repetition of the condoned offense, there can be no divorce on that ground. Id. "Repetition revives the right to complain of an injury forgiven." Martin v. Martin, 166 Va. 109, 116, 184 S.E. 220, 224 (1936). Here, after learning of the sexual abuse in 1994, wife left the marital relationship. She returned six months later fully aware that husband had sexually abused a minor family member, and lived in a marital relation with him for seven more years. Husband was not alleged to have repeated the abuse

in all the time that followed. On this evidence, the trial court correctly concluded that wife had condoned the sexual abuse of the minor family members.[2]

Nevertheless, wife contends that husband waived the affirmative defense of condonation because he did not specially plead it. See Tarr v. Tarr, 184 Va. 443, 449, 35 S.E.2d 401, 404 (1945) ("[C]ondonation is a matter of affirmative defense which must be specially pleaded and proven."). However, it is the long and clearly established rule of the Commonwealth that condonation may and should be raised by the trial court *sua sponte*, McKee v. McKee, 206 Va. 527, 532, 145 S.E.2d 163, 166 (1965); White v. White, 121 Va. 244, 247, 92 S.E. 811, 812 (1917), and an affirmative defense such as condonation may be raised by a party who failed specially to plead it where the defensible misconduct was not specifically alleged in the opposing party's complaint, Monahan v. Obici Med. Mgmt. Servs., 271 Va. 621, 632, 628 S.E.2d 330, 336-37 (2006). Here, wife did not plead husband's sexual abuse. Instead, she raised the issue for the first time in her opening argument, and husband was permitted to raise his affirmative defense thereto. But, as legal precedent makes clear, even had husband failed to raise condonation at all, the trial court was not permitted to grant a divorce on a ground of misconduct the wife had condoned. Her argument that husband waived condonation as an affirmative defense therefore has no merit, and we find no error in the omission of the sexual abuse from the factors to be considered in determining whether husband had constructively deserted the marriage after wife had left him this second and final time and then filed for divorce.

---

[2] Wife argues that after misconduct has been condoned, *any* offense by the defending spouse that is "within the cognizance of the matrimonial court" will revive the right to complain of the condoned misconduct, even where the later behavior may not itself rise to the level of a fault ground and is entirely unrelated to the condoned misconduct. She contends on this basis that husband's poor temperament revives her right to complain of his past sexual abuse. Again, she failed to raise this argument below, and again Rule 5A:18 bars our consideration thereof.

We likewise find no error in the determination that such evidence as remained was insufficient to demonstrate constructive desertion. Wife provided no medical evidence from doctors or health care providers to corroborate her claim that husband's behavior toward her made her "sick." Although the parties' daughters testified concerning wife's ailments and recovery therefrom, they admitted to having had no communication with husband or wife during the last seven years of the marriage and thus could not know from personal observation wife's condition during that time. Thus, while wife was clearly unhappy as a result of husband's rude conduct, the commissioner could reasonably conclude that his behavior did not cause the maladies she describes. See Rexrode v. Rexrode, 1 Va. App. 385, 390, 339 S.E.2d 544, 547 (1986). Moreover, we cannot say as a matter of law that the commissioner was plainly wrong to conclude that wife's unhappiness in the marriage did not rise to the level of "intolerable or unendurable." See McLaughlin, 2 Va. App. at 467, 346 S.E.2d at 537 ("'The law does not permit courts to sever marriage bonds and to break up households merely because husband and wife, through unruly tempers, lack of patience and uncongenial natures, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities and unwise selections . . . .'" (quoting Hoffecker v. Hoffecker, 200 Va. 119, 125-26, 104 S.E.2d 771, 776 (1958))). The commissioner heard evidence that wife had lived with husband for several decades, that she had in 1994 extricated herself from the relationship and left the marriage, that six months later she voluntarily returned out of her affection for husband, and that she lived there with husband in the marital abode for another seven years. And while on brief wife characterizes her relationship with husband as "intolerable," in light of her behavior and the evidence presented we cannot say that the evidence will not allow a reasonable fact finder to conclude otherwise. Accordingly, the trial court did not plainly err in accepting the commissioner's report and in denying wife a divorce on the ground of constructive desertion. And, because the evidence failed sufficiently to establish a justification for wife's final and willful

departure from the marital home, husband was entitled to a divorce on grounds of desertion. See id. at 470, 346 S.E.2d at 538.

## III.  SPOUSAL SUPPORT

Wife contends the trial court erred when it denied her an award for spousal support. "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  If the trial court has considered the parties' needs and abilities under the statutory factors set forth in Code § 20-107.1, its decision regarding a spousal support award will not be disturbed absent an abuse of discretion. See Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  Code § 20-107.1(E) provides that, "[the trial] court, in determining whether to award support and maintenance for a spouse, shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including [desertion under Code § 20-91(6)]," and among other factors will consider the income earning capacity, skills, needs, and financial resources of *each* party, see McGuire v. McGuire, 10 Va. App. 248, 251, 391 S.E.2d 344, 347 (1990), the property belonging to each party after distribution of marital assets, and the effect of choices made by the parties during the marriage on their "present and future earning potential."  Code § 20-107.1(E).

The evidence showed that the parties were of similar age and background, and had been married approximately forty-five years.  Wife was unemployed, but capable of some form of employment, had some marketable skills and education, received monthly social security payments, and had rental income from real property received in asset distribution.  Moreover, because she had applied for only four jobs in almost a year and a half, the trial court could reasonably infer that wife had income potential she had not realized.  See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990) ("[O]ne who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support.").  Husband received more substantial social

security payments, but had little in the way of education, and while he often worked, he was partially disabled and physically limited in his work capacity. And although husband was not totally innocent in the dissolution of the marriage, wife had been found at fault by willful desertion. On the basis of the foregoing evidence, the commissioner could reasonably conclude that the circumstances did not justify an award of spousal support, and we cannot say that the trial court abused its discretion in accepting that conclusion.

## IV.  ATTORNEY'S FEES

Whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)). Wife's argument here depends entirely upon an issue resolved in the prior section; she asserts that where a spouse is found to be entitled to and in need of support, and the other spouse is found to be financially able to meet those needs, the failure to award attorney's fees represents an abuse of the trial court's discretion. The underlying claim having failed, her argument cannot prevail here. Under the factual circumstances of this case we cannot say that the decision not to award attorney's fees was unreasonable or an abuse of the trial court's discretion.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.