## Richmond

OMER WENDELL McCLUNG v. MARY LOUISE HOLLAND McCLUNG.

January 17, 1966.

Record No. 6068.

Present, All the Justices.

*Harry P. Anderson, Jr.* (*David E. Satterfield, III; Satterfield, Haw, Anderson, Parkerson & Beazley,* on brief) for the appellant.

*Erwin S. Solomon* (*G. C. Gentry,* on brief), for the appellee.

GORDON, J., delivered the opinion of the court.

Under the settled law of this Commonwealth, a divorced wife has no right to alimony if the divorce was granted to her hus-

band because of her misconduct.[1] The decree in this suit granted a divorce to the husband on the ground of the wife's willful desertion and directed the husband to pay alimony. We must cancel the award of alimony.

The finding of the decree that Mary Louise Holland McClung willfully deserted her husband and the adjudication that he be granted a divorce cannot be disturbed on this appeal. The wife did not petition for an appeal, nor did she assign cross-error.[2]

We granted this appeal to the husband, Omer Wendell McClung. He took all necessary action under the statutes and our Rules to raise the only question now before us: Assuming (as we must) the court committed no error in finding willful desertion by the wife and in granting the husband a divorce, did it err in awarding alimony?

We are not certain whether counsel for the wife is asking us to repudiate the rule that fault bars alimony, or is denying the existence of the rule.

Counsel cites *Stolfi* v. *Stolfi, supra* (footnote 1), *Montgomery* v. *Montgomery*, 183 Va. 96, 31 S.E.2d 284 (1944), and *Haynor* v. *Haynor*, 112 Va. 123, 70 S.E. 531 (1911), to support the wife's position. But this Court held in those cases that a wife who had destroyed the matrimonial relationship by her misconduct had no right to require her husband to provide for her support and maintenance. *Stare decisis* is a sufficient answer to any suggestion that the cases be overruled.

In oral argument before us, counsel referred to *Plattner* v. *Plattner*, 202 Va. 263, 117 S.E.2d 128 (1960), as justifying allowance of alimony in the face of an adjudication of the wife's desertion. That case, however, affords no such justification. We affirmed the actions of the lower court in denying a divorce to the husband, since he had failed to prove desertion by the wife, and in granting separate maintenance to the wife.

While this appeal was pending, the wife moved us to "request" the trial judge to "submit" an opinion; she alleged that an

---

[1] *Stolfi* v. *Stolfi*, 203 Va. 696, 126 S.E.2d 923 (1962); *Harris* v. *Harris*, 31 Gratt. (72 Va.) 13 (1878); *Carr* v. *Carr*, 22 Gratt. (63 Va.) 168 (1872).

[2] The wife did file a notice of appeal and assignments of error pursuant to Rule 5:1 § 4; but she took no further action to perfect, or even petition for, an appeal. Assuming that a notice of appeal and assignments of error may be treated as an assignment of cross-error in a proper case, our Rules preclude such treatment here. The wife filed her notice of appeal and assignments of error more than a month after her husband filed his notice of appeal and assignments of error. Rule 5:1 § 4 requires that assignments of cross-error be filed within fourteen days after the appellant has filed a notice of appeal and assignments of error.

opinion "would clarify the Trial Court's action in this case". This motion was denied as being outside our authority.

Apparently, her counsel hoped the requested opinion would show that the trial judge found the evidence insufficient to sustain a finding of willful desertion by the wife and, in truth, did not base the divorce on desertion. Counsel suggests that the divorce was granted because the evidence supported a divorce, regardless of fault, under the two-year separation statute (Va. Code Ann. § 20-91(9) (Supp. 1964)).

We need not consider whether the trial judge's opinion, if available, would support counsel's suggestion. Action taken by a court is conclusively evidenced by its decree or judgment. The finding of the decree in this case is "that the charge of willful desertion of the complainant [husband] by the respondent [wife] in July, 1960 as alleged in the Bill of Complaint has been fully proven by the evidence"; the adjudication is that the husband "be, and he is hereby absolutely divorced from the respondent, Mary Louise Holland McClung, from the bond of matrimony on the ground of willful desertion of the complainant [husband] by the respondent [wife] for a period of more than one year". It is late in the day to suggest we should resort to proof of judges' underlying reasons (even if such proof be available from the record) to controvert findings and adjudications made in decrees.

Counsel for the wife moved us also to dismiss the appeal because the appellant "failed to present transcript of evidence, statement of facts, and other incidents of the trial to the trial judge within 60 days after final judgment as required by Rule 5:1, Section 3 (e) and (f) of this Court". This motion must be overruled.

Apparently, the motion was based upon the appellant's failure to cause evidence adduced at an *ore tenus* hearing to be made part of the record—a hearing to determine the amount of alimony to be awarded to the wife. Since the issue before us is whether any alimony could be decreed, we cannot perceive the relevance of evidence relating to *quantum*.

The order to be entered here will modify the decree by deleting the direction that Omer Wendell McClung pay to Mary Louise Holland McClung "as alimony, $300.00 per month for 36 months or until she remarries commencing with the month of September, 1964, by paying $150.00 on the first and like amount on the fifteenth day of each month through the month of August, 1967, or until the total sum of $10,800.00 shall have been paid."

*Reversed in part, and final decree.*