## Richmond

### JOSEPH F. CARLUCCI

### V.

### DUCK'S REAL ESTATE, INC.

August 30, 1979.

Record No. 771519.

Present: All the Justices.

*H. Lewis Allen* (*Howard James Marx; Fine, Fine, Legum & Fine,* on briefs), for appellant.

*Frank E. Butler, III* (*Canada, Butler & Butler,* on brief), for appellee.

PER CURIAM.

This case involves a dispute over the manner of payment of a commission which is admittedly owed by a seller of property to a real estate agency. The amount of the commission is not in controversy. Rather, the issue is whether the entire commission is due upon the sale's consummation, or whether the commission is to be paid as a percentage of the installments when paid to the seller.

Dr. Joseph F. Carlucci, being desirous of selling his Far East Restaurant in Virginia Beach, and his lease of the building in which the business was conducted, listed the property with Ricardo, Inc., a local real estate agency. Henry Richardson, an employee of Duck's Real Estate, Inc., another local agency, secured the permission of Ricardo, Inc., to show the restaurant to two prospective buyers, John T. Ricci and Anthony J. Napoleon. The latter two men were interested in the property, and they, together with Richardson, submitted a purchase contract to Dr. Carlucci on or about June 22, 1976, which the owner did not accept.

Thereafter, following a conversation with Dr. Carlucci, Ricci contacted Richardson, indicated his continued interest in the Far East Restaurant, and was again shown the property. A contract, dated July 13, 1976, for the sale of the restaurant and the lease, was pre-

pared by Ricci's attorney and was duly executed by Dr. Carlucci and Ricci. This contract originally provided that "the Seller agrees to pay to Realtor for services rendered a cash fee of 10% of the purchase price". Dr. Carlucci amended this provision to read that "seller will be solely responsible for any realtor commission incident to the procurement of this contract and will indemnify buyer against any loss for commission claimed or required by any realtor". At the closing of the transaction Richardson requested the sum of $5,417.50 to be paid to Duck's Real Estate, Inc., for its one-half of the commission incident to the sale. Dr. Carlucci tendered to Richardson a check for $250 which was accepted with the written stipulation, prepared by Carlucci's attorney, that Richardson was accepting the sum "without prejudice of any of my rights to balance of commission or the enforcement of my right to the payment of same now or hereafter in connection with the sale of Far East Restaurant".

Subsequently, Duck's Real Estate, Inc., brought action against Joseph F. Carlucci for its commission and recovered a judgment for $5,000, with interest and costs. Following the issuance of an execution and a garnishment, Carlucci satisfied the judgment and perfected his appeal. The position of the plaintiff is that the case was correctly decided in the court below and further that defendant, by satisfying the judgment, waived his right to appeal.

We find no merit in plaintiff's claim of mootness. The general rule is that the payment of a judgment deprives the payor of the right of appeal only if payment was made voluntarily. *See* 39 A.L.R.2d 153 (1955); 4 Am. Jur.2d *Appeal and Error* § 260 (1962). In this case payment by Dr. Carlucci followed the issuance by the plaintiff of an execution on its judgment and the filing by it of a suggestion in garnishment against Dr. Carlucci and the Norfolk General Hospital. The hospital allegedly owed the defendant a sum of money. The payment of a judgment under such circumstances is not such a voluntary payment as causes a loss of the right of appeal by the judgment debtor.

The factual issue in this case is a narrow one. It is not denied that Richardson, on behalf of Duck's Real Estate, Inc., rendered valuable service in negotiating the sale between Dr. Carlucci and Ricci. He located the restaurant for the purchaser, showed it to him on two or more occasions, and was present at one abortive closing and at the final closing. He performed all the services which a realtor is normally expected to perform for a seller incident to a sale of property. It is immaterial that at closing Dorothy B. Maney, an employee of Ricardo, Inc., waived her employer's percentage of the commission because of

her personal relationship with Dr. Carlucci. She admitted that at all times Ricci was the client of Richardson and Duck's Real Estate, Inc., and acknowledged their entitlement to one-half of the commission. She further stated that "[a]s real estate agent for Dr. Carlucci, she never represented to Duck's Real Estate, Inc., or their agents, that they would not receive a commission of 5 percent of the gross sales price of the real estate at closing".

The evidence shows that when Richardson first contacted Ricardo, Inc., Mrs. Maney advised him that a 10% commission would be paid, and divided equally between Ricardo, Inc., and the procuring real estate firm. All action taken by Richardson and the representatives of Duck's Real Estate, Inc., were consistent with this understanding, and with the full knowledge of the seller's listing agent. The July 13, 1976 contract originally reflected this fee arrangement as it provided for the payment to the realtor of a "cash fee of 10% of the purchase price", shown as $108,333.33. While the 10% provision was deleted by Dr. Carlucci, it was done unilaterally and over the protest of Richardson, as evidenced by the testimony of Andrew S. Fine, Carlucci's attorney. Fine admitted that although he advised Richardson prior to closing that Duck's 5% commission would be paid on the installment payments as received by the seller, Richardson never agreed to accept payment in that manner. The sale was closed with defendant's full knowledge that Duck's was reserving the right to enforce collection of the balance of the commission it claimed for its services.

Accordingly, it is not material that in the final contract, signed by Dr. Carlucci and Ricci, the 10% commission provision was deleted. If the defendant and Ricardo, Inc., agreed at the time the property was listed for sale that a 10% commission of the sales price was to be paid at closing, the plaintiff, as the selling agent, is entitled to recover its proportionate one-half thereof. The unilateral attempt by Carlucci to modify the commission arrangement at closing came too late.

The trial court has resolved the conflicts in the evidence against Dr. Carlucci and determined from the evidence that the selling agent of the property was entitled to collect its share of the commission on the sale at the time of closing, not as the installments of purchase money were paid. There is credible evidence to support its finding.

*Affirmed.*