## Norfolk

ALVA J. D'AURIA

v.

CARMEN A. D'AURIA

No. 0096-85

Argued September 10, 1985

Decided February 18, 1986

COUNSEL

William B. Smith (Pender & Coward, on brief), for appellant.

Howard I. Legum (Fine, Fine, Legum & Fine, on brief), for appellee.

OPINION

**COLEMAN, J.**—Alva J. D'Auria (wife) appeals from a divorce decree which determined: (1) that she "willfully deserted and abandoned" Carmen A. D'Auria (husband); (2) that she was not entitled to spousal support; and (3) that she was not entitled to an award of attorney's fees. The husband's brief presents as additional questions: (1) whether he should have been awarded his costs; (2) whether the wife should have been required to pay reasonable child support; (3) whether the decree should have reserved his right to petition for an award of spousal support upon a material change of circumstances since he was not at fault; and (4) whether the trial court should have awarded him reasonable attorney's fees.

The wife's bill of complaint alleged constructive desertion and prayed for a divorce from bed and board, spousal support, and attorney's fees. Husband's answer denied his wife's allegations and his cross-bill alleged wife's desertion and prayed for a divorce from bed and board. The divorce commissioner, after hearing evidence, recommended that the wife's bill be dismissed and that husband be granted a divorce from bed and board on the ground of desertion. After consideration of exceptions filed by both parties, the court approved and confirmed the commissioner's report

and entered a decree based on the factual findings and recommendations.

■ We are presented with the narrow issue whether the wife's evidence proved as a matter of law justification for leaving her husband. The established rule for review is that a divorce decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence. *See Capps* v. *Capps*, 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975). We find that the evidence, viewed in the light most favorable to the appellee, supports the findings of the trial court, and we affirm.

The D'Aurias were married for almost twenty years at the time of their separation in March of 1984. There were two children born of the marriage, a son, age 19, and a daughter, age 17.

Husband testified that there were marital problems between the parties prior to the time his wife left the home, including continuous arguments and verbal abuse. He testified that he refused the wife's attempts to get him to leave the home in the months before she left. She asked him to sign an agreement stating that he was willing for her to leave. In February, 1984, wife sent a letter to one of the parties' tenants telling him to vacate his apartment by May because she was moving into it. She told her husband that she was dissatisfied with him because he spent too much time with the children. While her husband was at work on March 20, 1984, wife moved out of the house.

The wife testified that from 1977 until the separation, she was subjected to constant verbal abuse, threats, and physical pushing and shoving from her husband. She presented no evidence tending to corroborate her accusations. She testified that her reasons for leaving the marital home on March 20, 1984, were: "I had begun to lose weight. I couldn't sleep. I had diarrhea most of the time. I stayed anxious, and . . . just really felt . . . that I was going to get in ill health if I continued to stay in that situation." Wife's physician, Dr. Devlin, testified that he saw her on March 26, 1984, complaining of nausea, chills, and diarrhea. The doctor concluded that the cause was nonviral gastroenteritis and anxiety. Again, in April 1984, Dr. Devlin saw her, at which time she appeared to have lost weight, and complained of inability to sleep. The doctor concluded that the cause was "anxiety and depression about divorce," and prescribed an anxiety reducing drug.

The husband agreed that there were continuous arguments and verbal abuse between the parties, but denied any physical abuse and attributed the marital problems to the wife's conduct. The parties' children corroborated the husband's accounts as to many of the confrontations between the D'Aurias.

Proof of an actual breaking off of matrimonial cohabitation combined with the intent to desert in the mind of the offender constitutes desertion as grounds for divorce. However, reasons for leaving the marriage other than an intent to desert may justify discontinuance of the relationship without giving rise to grounds for divorce. *Breschel* v. *Breschel*, 221 Va. 208, 211, 269 S.E.2d 363, 365 (1980). The burden of going forward with evidence of justification or showing that leaving was for a reason other than the intent to desert rests on the party who claims his or her leaving was without an intent to desert. *Graham* v. *Graham*, 210 Va. 608, 610, 172 S.E.2d 724, 726 (1970). In order to be free from legal fault in breaking off matrimonial cohabitation, a party does not have to establish constructive desertion by the other spouse. *See Capps*, 216 Va. at 385, 219 S.E.2d at 900.

The wife contends that her situation was similar to that in *Breschel*, in which the Supreme Court of Virginia stated that "a wife is free from legal fault in leaving her husband where she reasonably believes her health is endangered by remaining in the household," and she has unsuccessfully tried less drastic measures to eliminate the danger. 221 Va. at 212, 269 S.E.2d at 366. Additionally, the wife cites *Graham*, 210 Va. 608, 172 S.E.2d 724, to support her position.

We find that the *Breschel* line of cases is not controlling here. In *Breschel*, the wife had suffered from multiple sclerosis for more than fifteen years prior to the marriage; her physician testified that her condition could deteriorate from emotional trauma and exhaustion caused by the marriage. While the husband's conduct was not health threatening, the demands of the marriage and the presence of the husband's nine year old son from a former marriage were damaging to her health. The reason for leaving was not with an intent to desert but an attempt to avoid jeopardizing her health. 221 Va. at 212, 269 S.E.2d at 366. In *Graham*, the evidence showed that the wife contributed substantially to the marital difficulties, but the retaliatory acts of the husband, including cursing, abuse, physical assaults, and destruction of furniture,

were out of proportion to the wife's provoking conduct. 210 Va. at 616, 172 S.E.2d at 729. In *Capps*, the husband admitted striking his wife on the day she vacated the marital home. 216 Va. at 383, 219 S.E.2d at 899. In each of these cases, the reasons for the spouses leaving were due to circumstances which were largely beyond their control. Their reasons for leaving arose primarily from circumstances or from the actions of their spouses which, while insufficient to constitute constructive desertion, were health threatening or involved physical abuse. Each was free from legal fault because the reasons for discontinuing the marriage relationship were justified and negated that leaving was with the intent to desert. The evidence here does not establish that husband's behavior was the cause of wife's emotional difficulties. *See Rexrode* v. *Rexrode*, 1 Va. App. 385, ___ S.E.2d ___ (1985). In fact, the wife's physician testified that her physical problems were the result of severe anxiety in contemplation of divorce. The trial court's finding that wife had an intent to desert and was without legal justification for leaving the marital home was supported by competent and credible evidence.

■ We now address the wife's remaining assignments of error. It is settled law in Virginia that a wife has no right to spousal support if a divorce was granted to her husband because of her misconduct. Code § 20-107.1; *McClung* v. *McClung*, 206 Va. 782, 782-83, 146 S.E.2d 195, 196 (1966). Furthermore, the trial court did not abuse its discretion in failing to award wife attorney's fees. *See* Code § 20-99; *Rowlee* v. *Rowlee*, 211 Va. 689, 690, 179 S.E.2d 461, 462 (1971). We find no reversible error in the trial court's granting the husband a divorce on the ground of desertion or in denying the wife spousal support or an award for attorney's fees.

We turn to the questions presented by husband. First, we consider whether the husband has properly preserved the issues for appeal. Wife contends that we cannot address the questions presented by the husband because no notice of appeal from the decision of the lower court was filed by the husband as required by Rule 5A:6(a). Wife relies on *McClung* v. *McClung*, 206 Va. 782, 783 n.2, 146 S.E.2d 195, 196 n.2 (1966), in which the Supreme Court declined to consider the appellee's questions on appeal because she did not petition for appeal or assign cross-error in accordance with the Rules of the Supreme Court. Wife's reli-

ance on *McClung* is not well-founded. The Rules which applied in that case have been amended and are inapplicable here.[1]

■ Rule 5A:21(b) provides that the appellee's brief must contain a "statement of any additional questions the appellee wishes to present." Rule 5A:21(e) provides that appellee's brief shall contain a "statement of the precise relief sought, *if any*." (emphasis added). The two rules considered together clearly provide that additional questions separate from those presented by the appellant, and any additional relief sought separate from that requested by the appellant, may be raised by the appellee in his brief. Since husband complied with Rules 5A:21(b) and (e) in presenting his questions and specifying the relief sought, the wife's objection to consideration of those issues is without merit.

■ Husband contends that he should have been awarded costs and reasonable attorney's fees. The allotment of costs and attorney's fees is a matter within the sound discretion of the trial court. Code § 20-99; *Ingram* v. *Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). On review of the record and based on the circumstances of the parties, we find that the court did not abuse its discretion in failing to award husband costs or attorney's fees.

■ Husband contends that the trial court erred in refusing to order wife to pay child support. The duty of a parent to support minor children is a continuing obligation subject to review at any time as changing circumstances may dictate. *See Featherstone* v. *Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); Code § 20-61. The authority granted the trial court by Code § 20-107.2 to determine custody and require support of infant children in a divorce action is a matter of judicial discretion to be exercised with the child's welfare as the paramount consideration. *Allen* v. *Allen*, 188 Va. 717, 721, 51 S.E.2d 207, 209 (1949) (applying predecessor of Code § 20-107.2). We are satisfied that the court properly considered the factors set forth in Code § 20-107.2(2) in determining that wife's obligation of support for her children required no monetary payment at that time. There was no abuse of discretion, and we affirm the trial court.

---

[1] Rule 5:1, §4, applicable in *McClung*, required the appellee to assign cross-error within fourteen days after appellant filed the notice of appeal and assignment of error.

Finally, husband argues that the trial court, in the final divorce decree, should have reserved to him the right to petition for an award of spousal support upon a material change of circumstances. The chancellor decreed that no spousal support be awarded to either party.

■ A court of equity has power by a proper reservation to change or modify its decree as to spousal support. *Brinn* v. *Brinn*, 147 Va. 277, 283, 137 S.E. 503, 504 (1927). The reservation of jurisdiction to change such a decree must be clear and specific. *Id.* at 288, 137 S.E. at 506. The silence of a final decree as to spousal support has the effect of foreclosing a spouse from petitioning the court under Code § 20-109 for a future award in the light of changed circumstances. As Justice Russell noted in *Thomasson* v. *Thomasson*, 225 Va. 394, 302 S.E.2d 63 (1983), this result would be avoided by "an express reservation, in the final decree, of the court's power to fix and modify spousal support in the future." *Id.* at 397 n.1, 302 S.E.2d at 65 n.1. It is reversible error for a court to fail to make such a reservation when expressly requested to do so by a party. *Gagliano* v. *Gagliano*, 215 Va. 447, 452, 211 S.E.2d 62, 66 (1975). However, where the record shows no request for a reservation, the court is under no obligation to insert such language *sua sponte*. *Thomasson*, 225 Va. at 397 n.1, 302 S.E.2d at 65 n.1. The record contains nothing to indicate that husband requested the court to reserve its power to fix and modify spousal support in the future. We hold that the omission of an express reservation of the power to fix future support, absent a request to do so or objection in refusing to do so, was not error.

The decree appealed from is in all respects hereby affirmed.

*Affirmed.*

Duff, J., and Hodges, J., concurred.