COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

THERESA LOUISE BEDARD

MEMORANDUM OPINION[*]
v.   Record No. 3199-96-1          PER CURIAM
JULY 1, 1997
MICHAEL SCOTT BEDARD

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

(Barry Kantor; Christie & Kantor, on brief),
for appellant.

No brief for appellee.


Theresa Louise Bedard (wife) appeals the decision of the circuit court denying her spousal support.  Wife contends that the trial court erred in (1) denying her spousal support where there was no bar to support and she received a divorce from Michael Scott Bedard (husband) on the grounds of desertion; and (2) failing to reserve her right to spousal support in the event of a change in circumstances.  Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

### Spousal Support

The evidence was received by a commissioner in chancery, who recommended that the parties' respective requests for spousal

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

support be denied.  The commissioner noted that the parties were married for less than five years, that wife had supported herself prior to the marriage, and that there was no change in her standard of living prior to, during, or after the marriage.  The parties' monthly net incomes were $1,907 and $1,215, respectively, for husband and wife.  The commissioner noted that he had considered the statutory factors and husband's desertion of wife.

The trial court reviewed the commissioner's report and heard argument on the parties' exceptions.  The court found that the evidence supported the commissioner's recommendation that both parties be denied spousal support.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  We cannot say the court's denial of spousal support to wife was a clear abuse of discretion.

### Reservation of Support

Wife contends that the trial court erred by failing to reserve her right to seek spousal support in the future.  She admits she did not request a reservation of support in her bill of complaint, but argues that the request was implied in her request for spousal support.  We disagree.  Nowhere in wife's

initial bill of complaint, in her exceptions to the commissioner's report, or in her motion to rehear did wife request a reservation of support. While wife asserts that she requested a reservation during oral argument on the exceptions to the commissioner's report, we have no transcript of that hearing. Wife included in her exceptions to the court's final decree "the refusal of the Court to grant [wife] an award of spousal support, or at least a reservation of right to receive an award of spousal support upon a change of circumstances," but nothing in the text of the order refers to wife's request for a reservation of support.

Wife bears the burden to establish her affirmative request for a reservation of support by record proof. Nothing in the record before us indicates that wife made a timely request. The court is not obligated to reserve support <u>sua</u> <u>sponte</u>. <u>See</u> <u>Thomasson v. Thomasson</u>, 225 Va. 394, 397 n.1, 302 S.E.2d 63, 65 n.1 (1983); <u>D'Auria v. D'Auria</u>, 1 Va. App. 455, 462, 340 S.E.2d 164, 168 (1986). Therefore, wife has not demonstrated that the trial court committed reversible error in failing to reserve spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>