COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


ANTHONY WELLS

MEMORANDUM OPINION[*]
v.   Record No. 2601-96-4        BY JUDGE JOSEPH E. BAKER
                                 NOVEMBER 18, 1997
CYNTHIA NORTH WELLS


          FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                William Shore Robertson, Judge

          Robin C. Gulick (Robin C. Gulick, P.C., on
          briefs), for appellant.

          Burke F. McCahill (Sevila, Saunders &
          McCahill, on brief), for appellee.


     Anthony Wells (husband) appeals from a decree of divorce

entered by the Circuit Court of Fauquier County (trial court)

that made equitable distribution and spousal support awards to

Cynthia North Wells (wife).  Husband contends that the trial

court failed to consider all the factors contained in Code

§ 20-107.3; erred in applying a formula that inflated wife's

equity in property known as "Log House Hollow" by failing to

include therein a second deed of trust; erred by failing to give

credit to husband for mortgage payments he made after the parties

separated; and erred in making the spousal support award without

imputing income to wife, thereby requiring husband to make

spousal support payments in excess of wife's needs.  Wife

contends that husband's acceptance of the benefit of the

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

equitable distribution decree, under which he purchased wife's interest in the marital residence, bars our review of this issue on appeal.  In addition, she contends that all assignments of error are barred by husband's failure timely to file transcripts of the proceedings below.  For the reasons that follow, we affirm the ruling of the trial court.

<u>EQUITABLE DISTRIBUTION</u>

Wife moves to dismiss husband's appeal of the equitable distribution award on the ground that it is barred by husband's acceptance of a portion of the benefit of the award.  Wife points to language in the final decree indicating that "counsel conferred and reached agreement to modify the provisions of this court's letter opinion in order to provide [two alternate methods] . . . for the orderly disposition of this property." She argues that husband's exercising one of those two methods by purchasing wife's interest in Log House Hollow precludes the relief husband seeks because the court lacks jurisdiction over what is now husband's separate property.

We disagree.  In essence, wife received a money judgment for $132,595 that was secured by the marital residence.  The decree, entered September 20, 1996, appointed the parties' attorneys as special commissioners, and it provided that they would convey title to husband upon his payment of the judgment amount but that they would sell the residence if husband had not paid that amount by December 20, 1996.  Husband would remain liable for any

- 2 -

deficiency in the amount of the judgment after the sale.  Husband registered specific written objections to the equitable distribution provisions of the decree, thereby preserving his right to appeal those issues, and noted his appeal on October 18, 1996.  Thereafter, on December 17, 1996, only three days prior to the scheduled sale of Log House Hollow, husband satisfied the judgment, and the special commissioners conveyed the residence to husband.

"The general rule is that the payment of a judgment deprives the payor of the right of appeal <u>only if payment was made voluntarily</u>."  <u>Carlucci v. Duck's Real Estate, Inc.</u>, 220 Va. 164, 166, 257 S.E.2d 763, 765 (1979) (emphasis added).  In this case, husband objected to the trial court's entry of judgment against him and satisfied the judgment after he had properly noted his appeal in order to avoid imminent judicial sale of the property.  Therefore, husband's payment was not voluntary and did not constitute a waiver of his right of appeal.

Wife also contends that husband failed timely to file transcripts of the proceedings necessary to support the equitable distribution claims.  When filing his notice of appeal, husband notified the clerk and wife that "A transcript or statement of facts, testimony and other instances of the case <u>will be</u> filed."  (Emphasis added).  When husband recited in his notice that a transcript "will be filed," wife had a "right to rely on . . . [that] representation."  See <u>Twardy v. Twardy</u>, 14 Va. App. 651,

655, 419 S.E.2d 848, 850 (1992) (<u>en</u> <u>banc</u>).  The transcript becomes a part of the record only when timely filed with the clerk.  <u>See</u> <u>Williams v. Commonwealth</u>, 7 Va. App. 516, 518, 375 S.E.2d 364, 365 (1988); Rule 5A:8.

> The absence or late filing of the transcript, however, does nothing to diminish our jurisdiction.  If the record on appeal is sufficient in the absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case. . . .  If, however, the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to.

<u>See</u> <u>Turner v. Commonwealth</u>, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) (citation omitted).  This Court may extend the filing deadline for "good cause," but only "[u]pon a written motion filed within 60 days after entry of the final judgment."  Rule 5A:8(a).  No such motion was filed in this case.  Accordingly, we find that the referenced transcripts are not a part of the record on appeal.

Husband complains that in making the equitable distribution award, the trial court relied wholly on the so-called "magic formula" to calculate the parties' equity in Log House Hollow and failed to consider all the statutory factors, including husband's monetary contributions to the marital residence.  The trial court's judgment is presumed to be correct, and the burden is on appellant to present us with a sufficient record from which we can determine that the lower court has erred.  <u>See</u> <u>Twardy</u>, 14 Va.

- 4 -

App. at 658, 419 S.E.2d at 852; see also Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). Here, the transcripts of the many proceedings below may not be considered because they were not timely filed on appeal, and the trial court's letter opinion and final decree, which are properly contained in the record, state that the trial court considered all statutory factors. We see nothing in the portion of the record we may consider indicating that the trial court failed properly to consider those factors, and we affirm the trial court's ruling on this issue.

Husband also contends that the trial court misapplied the magic formula, resulting in the miscalculation of the parties' equity in Log House Hollow and a failure to credit husband for post-separation mortgage reduction. Again, the transcripts may not be considered because they were not timely filed, but we consider the court's letter opinion with attachments and the final decree sufficient to permit our limited review.

Despite husband's contention, we find no error in the court's application of the magic formula to its calculation of the parties' equity in Log House Hollow. We cannot say the trial court erred in concluding that wife was entitled to receive the value of the appreciation in equity resulting from her initial $150,000 contribution toward the purchase of Log House Hollow, which was given in the form of a lien on Chesterfield. We also cannot conclude that it erred in refusing to subtract from the

total equity available for division the amount of the $150,000 note against Log House Hollow. Evidence in the record shows the parties stipulated that husband would convey the jointly-titled Chesterfield property to wife free of encumbrances, thereby assuming sole responsibility for that $150,000 lien against Log House Hollow. If the court were required to deduct that $150,000 from the value of the equity in Log House Hollow for purposes of equitable distribution calculations, it would nullify the effect of the parties' stipulations.

We also cannot say that the trial court failed to credit husband for his post-separation reduction in the mortgage principal. After husband brought this omission to the court's attention, it explained very clearly in the final decree that it was giving husband credit for these payments by permitting husband to keep wife's share of the assets of TKC corporation, marital property that it had previously misclassified as husband's separate property. Rather than revalue the corporation as marital, it permitted husband to retain all corporate assets, valued at $61,242.27, as credit for his post-separation reduction in mortgage principal of no more than $12,182.12. Therefore, the record makes clear that husband has already received the credit he now seeks.

In light of the late filed transcripts and the record properly before us on appeal, we cannot conclude that the trial court erred in fashioning the equitable distribution award in

this case.

SPOUSAL SUPPORT

In a letter dated July 1, 1996, reciting that it had considered the factors set forth in Code § 20-107.1, the trial court made an award of spousal support of $3,600 monthly in favor of wife beginning July 15, 1996. Husband contends that the trial court erred in failing to impute income to wife and in awarding her more than her needs justified.

We hold that the income imputation argument is barred by the late filing of the transcripts. Although husband objected to entry of the final decree based on the court's failure to impute income to wife, nothing in the record indicates that husband had previously raised this issue to the trial court, and we have no evidence before us on appeal showing that the failure to impute income constitutes error.

Also barred is husband's argument that the award exceeded wife's justified needs, as compared to husband's ability to pay.[1] The record contains the parties' income and expense sheets, but due to the late filing of transcripts, it contains no evidence supporting or disputing their respective incomes and expenses. Given that wife's evidence shows uncontradicted monthly expenses of $6,601.44 as compared to an award of $3,600, we simply cannot say that the trial court erred in making such an award.

Based on those portions of the record we may consider, we

---

[1]Husband appears to concede this bar in his reply brief.

cannot say that the trial court's equitable distribution or spousal support awards were erroneous.  Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>