COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued at Salem, Virginia


ROBERT BRIAN STEPHENSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1903-09-3                      JUDGE WILLIAM G. PETTY
                                                         MAY 18, 2010
DONNA LYNN MUSGRAVE


                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                            James R. Swanson, Judge

            Neil E. McNally (Key, Tatel & McNally, P.C., on briefs), for
            appellant.

            Frank K. Friedman (John Gregory, Jr.; Woods Rogers PLC, on
            brief), for appellee.


        On July 29, 2009, the trial court entered a final decree of divorce between appellant,

Robert Brian Stephenson ("husband"), and appellee, Donna Lynn Musgrave ("wife").  On

appeal, husband argues that the trial court erred when it (1) designated certain assets as marital

waste, (2) valued husband's office building without considering alleged adverse market

conditions, (3) failed to consider husband's health and disability,[1] (4) admitted testimony of a

marriage counselor for the purpose of establishing an intent by husband to dissipate the marital

assets, (5) awarded wife $72,000 in attorneys' fees, and (6) did not reserve husband the right to

seek spousal support in the future.[2]

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband raises his health and disability with respect to the equitable distribution and his
later request for a reservation of the right to seek spousal support in the future.

        [2] We have modified the order of these issues as originally presented by husband in light
of the additional issues presented by wife in her brief.

Wife argues that we should not consider the substance of husband's first five arguments because husband voluntarily paid the equitable distribution and attorneys' fees, thus barring his right to appeal those issues. Wife further argues that the trial court did not abuse its discretion when it failed to reserve the husband's right to seek spousal support in the future. Wife finally asks us to award attorneys' fees related to this appeal pursuant to Code § 20-99(5).

For the following reasons, we agree with wife that husband made a voluntary payment of the equitable distribution award and attorneys' fees and that payment bars his right to appeal those issues. However, we agree with husband that the trial court erred when it failed to reserve his right to seek spousal support in the future. Finally, we deny wife attorneys' fees related to this appeal.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party below, in this case wife, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and we grant to her all fair inferences flowing therefrom, Coleman v. Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

Husband and wife married in 1993. Over the course of their marriage, they amassed substantial assets valued altogether at several million dollars. The marriage subsequently deteriorated, and in November of 2004 they filed for divorce.

On January 23, 2009, the trial court issued a letter opinion announcing its decision regarding the issues before us. In that opinion, the court ruled that husband should pay $3,061,698.47 to satisfy the equitable distribution. The court further ruled that husband should

pay $72,000 in attorneys' fees to wife as the result of his duplicitous behavior in attempting to secrete assets. The letter opinion gave husband 150 days to pay the award. If unpaid after 150 days, the court said that it would convert the award to a judgment, and that judgment would accrue interest. Finally, the court failed to reserve husband's right to seek spousal support in the future based on husband's significant present assets and his behavior during the divorce.

Just before the expiration of the 150-day period, husband paid the above award in full. He did so by tendering two checks to wife's counsel, the first directing payment to wife in the amount of $3,061,698.47, and the second directing payment to wife's attorney in the amount of $72,000. On July 29, 2009, the trial court issued a final divorce decree reflecting the assessments of its previous letter opinion and further indicating that husband had paid the award. This appeal followed.

## II.

### A. Voluntary Payment

Husband asserts several points of error by the trial court related to its award, with respect to both the equitable distribution[3] and attorneys' fees. However, wife argues that we should dismiss these points of error because husband fully and voluntarily paid the trial court's award. For the reasons that follow, we agree with wife and therefore we do not reach the merits of these issues.

"Voluntary payment of a judgment deprives the payor of the right of appeal." Citizens Bank and Trust Co. v. Crewe Factory Sales Corp., 254 Va. 355, 355, 492 S.E.2d 826, 826 (1997)

---

[3] The equitable distribution award necessarily depends upon the trial court's determination with respect to marital waste, the value of husband's office building, and husband's health and disability. Husband's objection regarding the admission of the testimony of the couple's marriage counselor, Dr. Bundy, also exclusively relates to the award granted by the trial court under the equitable distribution. Dr. Bundy's testimony was submitted solely to demonstrate husband's contemplation of divorce, and therefore to show that husband intended to dissipate marital assets, thus leading to the aforementioned marital waste.

(hereinafter Citizens Bank) (citing Carlucci v. Duck's Real Estate, Inc., 220 Va. 164, 166, 257 S.E.2d 763, 765 (1979)). In Citizens Bank, the Supreme Court held that a party voluntarily paid a judgment when, three days after entry of the judgment, he sent a check to appellee in the full amount of the judgment "before any proceedings were instituted to execute on the judgment." Id. On the other hand, where a party pays pursuant to an execution on a judgment or the filing of a suggestion in garnishment, he has made an involuntary payment and has not lost his right of appeal. Carlucci, 220 Va. at 166, 257 S.E.2d at 763.[4]

Here, husband's payment tends even more towards a voluntary payment than the payment made in Citizens Bank. While the payor in Citizens Bank paid the full amount of the judgment three days after it was entered, here husband paid the full equitable distribution award and attorneys' fees before the trial court even entered a judgment against him. In fact, husband wrote two checks for the precise amount of each award, with one check paid to his wife and the other paid to her attorney. Unlike the involuntary payment in Carlucci, husband could not even conceivably face the risk of execution or garnishment because the trial court had not yet entered a judgment against him at the time he paid the award.

Husband simply did not bear the risk associated with an involuntary choice. Instead, husband merely avoided the interest that would accrue upon entry of a judgment. Further, we find no merit in husband's argument that his failure to comply with the trial court's letter opinion subjected him to the risk of being held in contempt. The trial court's letter opinion plainly provided that failure to pay in the 150-day period would result in the conversion of the letter opinion to a judgment. The trial court never threatened husband with contempt if he failed to

---

[4] We have similarly applied this rule in appeals from divorce cases. See Klein v. Klein, No. 0211-03-4 (Va. Ct. App. Dec. 2, 2003) (holding that a payment made as the result of an express threat of imprisonment is involuntary); Wells v. Wells, No. 2601-96-4 (Va. Ct. App. Nov. 18, 1997) (holding that an appellant's payment to prevent the judicial sale of his home was involuntary).

pay the award. In fact, the trial court specifically rejected the notion that it would entertain a contempt citation if the awards were not paid within the prescribed time. Therefore, we hold that husband voluntarily paid the equitable distribution and attorneys' fees awarded to wife, and hence we cannot reach the merits of husband's arguments with respect to those awards.

## B. Reservation of the Right of Future Spousal Support

Husband also assigns error to the trial court's failure to reserve him the right to seek spousal support in the future under Code § 20-107.1(D). We agree with husband that the trial court erred with respect to this issue.

We have previously held "that where there is no bar to the right of spousal support, it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances." Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986) (citing D'Auria v. D'Auria, 1 Va. App. 455, 462, 340 S.E.2d 164, 168 (1986)). There is no bar to the right of spousal support where, as here, the sole ground for the divorce arises under Code § 20-91(9) based on the husband and wife living separately for one year and without cohabitation. Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 65 (1983).

The trial court's refusal to reserve husband the right to spousal support in the future plainly conflicts with our holding in Bacon. The trial court relied on husband's present financial situation and his attempts to hide assets during the divorce proceedings when it failed to reserve husband the right to seek spousal support in the future. However, husband's present financial situation does not speak to his financial situation in the future,[5] nor can the trial court punish

---

[5] Of course, a reservation of the right to seek spousal support in the future only partially removes a roadblock for husband. It allows the trial court to retain jurisdiction over the matter so that it can consider the matter in the future. See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679-80 (1990). At that time, husband must still demonstrate a change of

husband for his attempts to hide assets during the divorce proceeding by denying him a reservation of the right to seek spousal support in the future. Neither of these circumstances bears any relationship to the grounds of divorce itself, which in this case rests solely on Code § 20-91(9). Accordingly, the rule set forth in <u>Bacon</u> clearly applies to this case. Therefore, we hold that the trial court committed reversible error when it failed to reserve husband the right to seek spousal support in the future.

III.

For the foregoing reasons, we conclude that husband lost his right of appeal with respect to the equitable distribution and attorneys' fees awarded by the trial court because husband voluntarily paid those awards. "Accordingly, the appeal is dismissed" with respect to husband's first five issues. <u>Citizens Bank</u>, 254 Va. at 355, 492 S.E.2d at 826. We further conclude that the trial court committed reversible error when it failed to reserve husband the right to seek spousal support in the future. We therefore reverse and remand to the trial court with instructions that it reserve husband the right to seek spousal support in the future. Finally, because husband has partially prevailed on appeal, we deny wife's request for attorneys' fees as it relates to this appeal.

<u>Dismissed in part,<br>reversed in part,<br>and remanded.</u>

---

circumstances to the court that justifies an award of spousal support. Code § 20-109; <u>Hollowell v. Hollowell</u>, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).