COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Lorish and Senior Judge Annunziata
Argued by videoconference

FREDERICK JOEL SANDLER

v.      Record No. 1335-21-4

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
OCTOBER 4, 2022

VALERIE ANN SANDLER, F/K/A
 VALERIE ANN KOELSCH

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Kathleen A. Daly (Chidinma U. Harley; Law Office of Kathleen A.
Daly, P.A.; Pervaiz & Harley PLLC, on briefs), for appellant.

David Horowitz (Law Office of David Horowitz, PLLC, on brief),
for appellee.

Frederick Joel Sandler (husband)[1] appeals the circuit court's "Amended Court Order

Acceptable for Processing" and "Final Order Re: Second Amended COAP," both of which were

entered November 10, 2021.  Husband argues that the circuit court erred by requiring him to pay

100% of the survivor benefit premium, which was contrary to the parties' property settlement

agreement (PSA) and "manifestly unjust."  Husband further asserts that the circuit court erred in

ordering him to refund Valerie Ann Sandler (wife) for overpayments related to the survivor benefit

premium that he allegedly had received.  In addition, husband argues that the circuit court erred by

not "postponing" the hearing to allow a representative from the Office of Personnel Management

(OPM) to explain how it interprets and processes the orders.  Finally, both husband and wife

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We recognize that "former husband" and "former wife" would be more accurate, but we
use less cumbersome titles in this memorandum opinion for ease of reference.

challenge the circuit court's denial of their requests for attorney fees and costs.[2] We find no error and affirm the circuit court's judgment.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

The parties married in 1974 and divorced in 2001. The parties' PSA, dated August 29, 2000, was incorporated into their final decree of divorce. At the time, husband had vested retirement benefits in the Civil Service Retirement System (CSRS) and was receiving benefits from the plan. He also had elected survivor benefits. The retirement section of the PSA provided that wife was to receive "two-thirds of all net benefits payable to the Husband, including any subsequent cost of living increases, after income taxes," and that "the cost of the survivor benefits shall be equally shared by the parties." In December 2001, the circuit court entered a Court Order Acceptable for Processing (COAP) to divide husband's retirement.

In 2018, husband moved to amend the COAP, alleging that wife was receiving more than they had agreed upon in their PSA. The circuit court subsequently found that the COAP did "not accurately effectuate the parties' intent, as expressed in their *Property Agreement*, . . . which was incorporated into their *Amended Final Decree of Divorce*, dated August 7, 2001." In April 2019, the circuit court thus entered an "Order to Amend COAP" to clarify wife's interest in husband's

---

[2] Husband argues that we should not consider wife's assignments of cross-error because wife did not file a notice of cross-appeal. Husband's argument is without merit. "[A]dditional questions separate from those presented by the appellant, and any additional relief sought separate from that requested by the appellant, may be raised by the appellee in [her] brief." *D'Auria v. D'Auria,* 1 Va. App. 455, 461 (1986); *see also Frederick Cnty. Bus. Park, LLC v. Virginia Dep't of Env't Quality*, 52 Va. App. 40, 47 n.3 (2008) (finding that Rule 5A:21 allows an appellee to present additional assignments of error in its brief), *aff'd*, 278 Va. 207 (2009).

retirement, and in June 2019, the circuit court entered an "Amended Court Order Acceptable for Processing" (amended COAP) and a "Final Order," directing wife to reimburse husband for overpayments that she received. The circuit court's orders also clarified that wife was to receive "a two-third share" of husband's "gross monthly annuity" and pay two-thirds of the cost associated with the survivor benefit. The circuit court found that "[d]educting the survivor benefit premium 'off the top' (meaning: prior to dividing the monthly annuity between the parties) accomplishes this objective and no further deduction from either party's allocation is required to effectuate the correct allocation of the cost of the survivor annuity."

Husband appealed the circuit court's 2019 orders to this Court. However, in September 2019, the parties resolved the issues on appeal and entered a "Confidential Settlement Agreement and Release" (confidential agreement), which was incorporated into an order. Thereafter, this Court dismissed the appeals given the parties' settlement. *See Sandler v. Sandler*, Nos. 0748-19-4 and 1186-19-4 (Va. Ct. App. Oct. 24, 2019).

On September 28, and November 5, 2021, the parties appeared before the circuit court pursuant to a *praecipe* and petition for entry of rule to show cause filed by wife, arguing that she was not receiving the correct amount from husband's retirement. The petition was opposed by husband. Wife summarized that in 2019, the circuit court had directed the parties to prepare an amended COAP and "specify that the SBP come off the top, and then [wife would] get two-thirds of that gross annuity that remained after taking out the SBP."[3] Wife argued that after the amended COAP was submitted to OPM, it had been implemented contrary to the circuit court's order. Wife explained that, after OPM apportioned her two-thirds of the gross annuity (the portion that remained after it took the SBP "off the top"), OPM again deducted SBP from the share she was apportioned and paid that amount to husband. Accordingly, wife asked the

---

[3] SBP is an abbreviation for survivor benefit premium.

circuit court to not amend the COAP, but rather to order husband to reimburse her the amount he receives each month as a result of OPM's deducting the SBP twice from wife's share.

Husband countered that OPM correctly implemented the amended COAP. Husband emphasized wife was to receive "two separate benefits"—a portion of husband's annuity and the "maximum survivor benefit" she would receive were he to predecease her. To receive the "maximum survivor benefit," husband asserted that wife was obligated to pay the premium under the PSA.[4]

In reaching its decision, the circuit court found that OPM was deducting the cost of the survivor benefit premium "off the top" of husband's annuity and then again deducting the premium cost from wife's apportioned share of the annuity. The circuit court questioned OPM's actions and found them inconsistent with the court's order. It also found them inconsistent with the amended COAP language directing that "no further deduction from either party's allocation is required to effectuate the correct allocation of the cost of the survivor annuity." The circuit court expressly concluded that "if . . . a deduction for the two-thirds was taken out of [wife's] share after the whole amount of the SBP was taken off the gross amount [of husband's annuity], it would constitute double-dipping" and that OPM's interpretation of the amended COAP had failed to implement the court's intention to avoid "double-counting."

Based on this reasoning, the circuit court held that husband did not willfully violate the previous orders and was not in contempt. It further ordered the parties to draft a second amended COAP, directing OPM to deduct the cost of the SBP "off the top" and to then pay two-thirds of

---

[4] Due to the confusion over how wife's share was being calculated and the procedures used to divide the retirement, husband suggested that the circuit court continue the matter because "it might be beneficial to hear from an OPM representative." Wife objected to a continuance. The circuit court denied husband's motion and found that it would not be "beneficial" to hear from OPM because the circuit court understood "factually" what OPM was doing.

the remaining share to wife. The circuit court rejected husband's argument that the calculation, as formulated by the court, resulted in his paying 100% of the SBP. The circuit court also found that husband had received "overpayments" related to the SBP payments by wife and ordered wife be reimbursed. The court continued the matter to allow husband an opportunity to review wife's calculations of the overpayments and "work[] out a payment plan to have that money reimbursed." The circuit court also denied each party's request for attorney fees.[5]

On November 10, 2021, the circuit court entered the final orders in this case. The "Amended Court Order Acceptable for Processing" (second amended COAP) awarded wife "66.66% of [husband's] Gross Annuity (including any supplemental annuity) under the Plan." The second amended COAP did not expressly address the cost of the SBP. The circuit court also entered a "Final Order Re: Second Amended COAP" (final order), which memorialized the circuit court's ruling that wife would receive "66.66% of the gross-annuity without further deductions" and husband would receive "33.34% of the gross annuity without further deductions going forward." The court's final order also directed husband to pay wife, in thirty-six monthly installments, for the overpayments and reflected the denial of attorney fees to each party. This appeal followed.

ANALYSIS

1. Second Amended COAP

Husband challenges the entry of the second amended COAP on the ground that the circuit court erred in calculating wife's share of his retirement and the SBP. Husband argues that the circuit court erred by effectively ordering him to be responsible for the entire SBP because the second amended COAP is silent regarding the cost of the SBP. He emphasizes this omission is

---

[5] Wife filed a motion to reconsider the denial of her attorney fees, which the circuit court denied.

contrary to the provisions of the PSA and the amended COAP which provided that wife would be responsible for her share of the cost of the SBP.

The second amended COAP was entered after OPM implemented the amended COAP and wife realized that OPM was deducting too much from her share under the amended COAP.[6] As requested by wife, the court entered a second amended COAP pursuant to which the parties' intentions would be implemented by OPM. The circuit court modified the amended COAP to state the percentage of husband's gross annuity that wife was to receive after making the deduction for the SBP in an amount that was two-thirds the cost of the survivor benefit. That amount was determined by the court to be 66.66% of the husband's gross annuity. The term "gross annuity," by CSRS definition, is "the amount of monthly annuity payable to a retiree or phased retiree *after reducing the self-only annuity to provide survivor annuity benefits, if any . . . .*" 5 C.F.R. § 838.103 (emphasis added). "The Civil Service Retirement System definition of 'gross annuity' shows that the cost of a survivor benefit was [to be] deducted from the total benefit due the retiree." *Recker v. Recker*, 48 Va. App. 188, 193 (2006). "The definition itself refers to the 'self-only annuity' from which the cost of the survivor benefit is deducted to arrive at the monthly payment." *Id.* Thus, contrary to husband's contention, the second amended COAP was not silent concerning the allocation of its costs because the court's order that wife be apportioned 66.66% of husband's gross annuity implements both the parties' intentions to award wife two-thirds of husband's retirement and to hold her responsible for

---

[6] The amended COAP provided that wife was "entitled to a two-third share (2/3) of [husband's] gross monthly annuity" and was awarded "the maximum possible Former Spouse survivor annuity." The amended COAP further provided that wife was to pay for two-thirds and husband was to pay one-third of the cost of the survivor annuity. The following provision was handwritten and added to the amended COAP: "Deducting the survivor benefit premium 'off the top' (meaning: prior to dividing the monthly annuity between the parties) accomplishes this objective, and no further deduction from either party's allocation is required to effectuate the correct allocation of the cost of the survivor annuity."

two-thirds of the cost of the survivor benefit.[7]  *See also Craig v. Craig*, 59 Va. App. 527, 535 (2012) (Under CSRS, the gross annuity is "the monthly annuity after reduction for [the costs] for the survivor annuity.").  These costs are subtracted by OPM from the total amount of the annuity, before apportioning wife's share of the annuity.

Accordingly, we find that the circuit court did not err in entering the second amended COAP and determining that assigning wife 66.66% of husband's CSRS "gross annuity" satisfies the parties' intentions to award wife two-thirds of husband's retirement and hold her responsible for two-thirds of the cost of the survivor benefit.

2.  The Property Settlement Agreement

On appeal, husband also argues that the circuit court "erred in its interpretation of the property settlement agreement" by "requiring [him] to tender over 60 percent of his pension" to wife.  Our review is limited to the language in the amended COAP, not the PSA.

---

[7] Using the figures in wife's chart, which was adopted by the circuit court, husband's self-only annuity was $7,682 per month and the cost of the SBP was $732 per month, as of September 1, 2021.  To calculate the gross annuity, the SBP ($732) is subtracted from the self-only annuity ($7,682), which equals $6,950.  The circuit court ordered OPM to calculate wife's share by taking 66.66% of the gross annuity, which results in wife receiving $4,632.87 as her share.  The same result is achieved by dividing the SBP and self-only annuity separately.  First, the self-only annuity is divided (wife receives 66.66% of $7,682, or $5,120.82).  Next, the SBP is divided (wife is responsible for 66.66% of $732, or $487.95).  Last, wife's share of the SBP is subtracted from her share of the self-only annuity, which results in wife receiving $4,632.87, the same amount when 66.66% of the gross annuity is taken as wife's share.

| Separately Dividing SBP and Self-Only Annuity | | | Dividing the Gross Annuity (2nd Amended COAP) | | |
|---|---|---|---|---|---|
| | Wife | Husband | | Wife | Husband |
| Step One: Divide the Self-Only (7,682), 2/3 to 1/3 | $5,120.82 | $2,561.18 | | | |
| Step Two: Divide the SBP (732), 2/3 to 1/3 | $487.95 | $244.05 | | | |
| Step Three: Subtract Step Two (Share of SBP) from Step One (Share of Self-Only) | **$4,632.87** | **$2,317.13** | Step One: Divide the Gross (6,950), 2/3 to 1/3 | **$4,632.87** | **$2,317.13** |

We find that the law of the case doctrine precludes our review of the PSA because the amended COAP modified the PSA's language regarding the division of husband's retirement and the parties withdrew their appeals of the circuit court's ruling after entering the confidential agreement. "Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." *City of Charlottesville v. Sclafani*, 300 Va. 212, 218 (2021) (quoting *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 620 (1917)). "Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law." *Id.* (quoting *Steinman*, 121 Va. at 620). Furthermore, "'when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived [its] right to challenge that decision during later stages of the "same litigation."'" *Id.* at 219 (quoting *Miller-Jenkins v. Miller-Jenkins*, 276 Va. 19, 26 (2008)). The law of the case doctrine "'applies both to issues that were actually decided by the court, and also to issues "necessarily involved in the first appeal, whether actually adjudicated or not."'" *Id.* (quoting *Kemp v. Miller*, 160 Va. 280, 285 (1933)).

### 3. Overpayments

The circuit court found that OPM erroneously deducted the cost of the SBP from wife's share twice and that OPM's "erroneous deductions" in implementing the 2019 amended COAP resulted in husband receiving overpayments. Accordingly, the court ordered husband to reimburse wife for those overpayments.

Husband challenges that finding. He argues that the circuit court erred both by ordering him to reimburse wife and in accepting her calculations of the overpayments. "We begin our analysis by recognizing the well-established principle that all trial court rulings come to an

appellate court with a presumption of correctness." *Wynnycky v. Kozel*, 71 Va. App. 177, 192-93 (2019) (quoting *Stiles v. Stiles*, 48 Va. App. 449, 453 (2006)).

Wife had prepared a chart reflecting the payments between March 1, 2020, and September 1, 2021. The chart included the amount of husband's self-only annuity, the cost of the SBP, the amount of husband's gross annuity, 66.66% of the gross annuity, taxes, the amount due to wife, the amount wife received, and the difference owed. The circuit court accepted wife's calculations and found that husband owed wife a total of $13,694.60, which was the amount husband had received in overpayments since November 1, 2021, plus interest. The circuit court ordered husband to pay wife the amount owed in thirty-six monthly installments of $380.40. The circuit court further ordered husband to pay wife any future overpayments that he may receive from OPM, "pending OPM's implementation of the Second Amended COAP."

The circuit court did not err in finding that OPM had not complied with the intention of the amended COAP when it deducted the cost of the SBP from wife's share twice. The resulting error led to a windfall for husband. We find no error in the circuit court's acceptance of wife's calculations or in its order that husband had to reimburse wife for the overpayments.

### 4. Continuance request

Husband argues that the circuit court erred by not "postponing the hearing to permit someone from OPM to testify as to its processing of the amended COAP and that said processing was done in accordance with the . . . court's orders." Husband contends that "a witness knowledgeable about OPM's procedures was necessary given the amount of confusion . . . [over] how to properly allocate costs associated with the survivor benefit premium." The circuit court had denied husband's motion and found that a continuance was unnecessary. The circuit court found that testimony from an OPM representative would not have been "beneficial" because it understood "factually" what OPM was doing.

- 9 -

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah*, 70 Va. App. at 593. "A party challenging a circuit court's denial of a motion for a continuance must demonstrate both an 'abuse of discretion *and* resulting prejudice[.]'" *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "The absence of one renders inconsequential the presence of the other." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007), *aff'd*, 275 Va. 144 (2008). "Prejudice, moreover, 'may not be presumed; it must appear from the record.'" *Id.* (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

The record fails to show that husband proffered the expected testimony from the OPM representative.[8] Consequently, even had the circuit court abused its discretion in denying the motion for continuance, husband did not present, or proffer, any evidence to show that he was prejudiced by the court's decision. "'[A]bsent a showing of prejudice to [husband] by the denial of a continuance,' we cannot find that the trial court abused its discretion" in denying his motion for a continuance. *Butler v. Culpeper Cnty. Dep't of Soc. Servs.*, 48 Va. App. 537, 544 (2006) (quoting *Cardwell v. Commonwealth*, 248 Va. 501, 509 (1994)); *see also Bailey*, 73 Va. App. at 266 ("Even if we were to conclude that no reasonable jurist would have denied the continuance request, the record before us fails to demonstrate the prejudice necessary to establish reversible error."). Therefore, this Court affirms the circuit court's denial of husband's motion for a continuance for an OPM representative to testify about the SBP.

---

[8] In his opening brief, husband alleges that he "had proffered Donovan McLean [sic] as an expert on OPM procedures" and that "Mr. McLean's [sic] testimony would have greatly assisted the [circuit] court in determining the proper allocations." Husband does not direct this Court to where in the almost 1,600-page record he made his proffer. At the hearing in September 2021, husband introduced into evidence letters from Mr. McClean, a paralegal specialist with OPM, explaining OPM's implementation of the amended COAP, beginning March 1, 2020. The letters were included in a book of exhibits offered by husband collectively at the beginning of his case on September 8, 2021. Husband did not indicate that these letters were his proffer for the testimony of the OPM representative when he requested the continuance.

5. Attorney fees and costs

A. Trial court

Both husband and wife argue that the circuit court erred in denying their requests for an award of attorney fees and costs. Both claim that they prevailed, or should have prevailed, in the circuit court. Wife also asserts that the circuit court erred in denying her request for attorney fees and costs as a sanction against husband because his arguments were "not well grounded in fact and were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and were interposed for an improper purpose, namely: to needlessly increase in [sic] the cost of litigation."

"Code § 20-109(C) bars the trial court from awarding counsel fees except in accordance with the property settlement agreement." *Craig*, 59 Va. App. at 540. The PSA and the confidential agreement included provisions allowing for an award of attorney fees and costs if a party was "successful" in the enforcement of the agreements or defense to any such enforcement. "It is well-settled that parties may 'adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute.'" *Jones v. Gates*, 68 Va. App. 100, 106 (2017) (quoting *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006)). "[I]f a property settlement agreement contains a provision awarding attorney's fees, the court must follow the terms of that agreement, to the extent allowable by law." *Id.*; *see also Rutledge v. Rutledge*, 45 Va. App. 56, 61-62 (2005).

Here, the circuit court denied each party's request for attorney fees and costs because it did not find husband in contempt and it found some of wife's arguments, including her "original request" for a second amended COAP and husband's "failure to reimburse" her, were "well taken." The circuit court also denied wife's motion to reconsider the denial of the attorney fees award. Neither party prevailed completely in the enforcement of the PSA or the confidential

- 11 -

agreement, or the defense to such enforcement. Accordingly, the circuit court did not err in declining to award attorney fees and costs to either party.

### B. Appellate court

Wife requests an award of her appellate attorney fees and costs. As noted above, the PSA and confidential agreement provided that a party could be awarded attorney fees if the party prevailed on a successful enforcement of the agreement and the other party defaulted. "Although husband did not prevail on appeal, his failure to settle a contested claim is not a default." *Craig*, 59 Va. App. at 541. Accordingly, we deny wife's request for an award of her appellate attorney fees and costs.

### CONCLUSION

For the foregoing reasons, we find that the circuit court did not err in entering the second amended COAP and declining to award attorney fees and costs to either party. Accordingly, the circuit court's ruling is affirmed.

*Affirmed.*